OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On the present record, the trial court properly refused to charge the jury that it could consider lack of motive in
 
 *769
 
 determining defendant’s guilt. Although in some circumstances absence of motive evidence may tend to establish that defendant did not commit the act charged or that he lacked the requisite intent (see, e.g.,
 
 People v Sangamino,
 
 258 NY 85, 87-88;
 
 People v Guadagnino,
 
 233 NY 344, 348-349), here the commission of an intentional act was not in issue due to defendant’s own testimony and self-defense plea (see
 
 People v Johnson,
 
 139 NY 358, 362).
 

 Nor did the court err by refusing to entertain defendant’s constitutional challenge to his prior convictions at the persistent felony offender hearing. While we agree that CPL 400.20 authorizes such a challenge, defendant did not allege that the prior convictions were "unconstitutionally obtained” within the meaning of that section. Rather, he claimed that his rights under
 
 People v Montgomery
 
 (24 NY2d 130) were violated during the earlier proceedings. Even if this were so, the prior convictions would not be rendered invalid for the purposes of determining persistent felony offender status. At most, a
 
 Montgomery
 
 violation, if proven, would entitle defendant to an extension of time for taking an appeal
 
 (People v Corso,
 
 40 NY2d 578, 580-581).
 

 We have examined defendant’s remaining contentions and find them to be without merit.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
 

 Order affirmed in a memorandum.