■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY DE BERRY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 6, 1978, convicting him of rape in the first and second degrees, sodomy in the first and second degrees and endangering the welfare of a child, upon a jury verdict, and imposing sentence as a second felony offender. Case remitted to Criminal Term for a hearing in accordance herewith and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. At the sentencing proceedings following his conviction, defendant was arraigned on a "prior offense information" arising out of a 1962 conviction, by plea of guilty, to robbery in the second degree, for which defendant had served more than 10 years in prison. Defendant contended that the documents submitted to prove that conviction were all forgeries, asserted that he was never advised of his right to a trial by jury when he pleaded guilty in 1962, and claimed that his counsel was ineffective because he never filed a notice of appeal from that judgment of conviction. The minutes of those proceedings were not submitted to the court. The sentencing court conducted a hearing on the question of whether defendant was the same person who was convicted of the prior offense, and properly refused to entertain defendant's contention that the prior conviction was "unconstitutionally obtained" because his attorney allegedly neglected to file a notice of appeal (see *People v Luciano,* 46 NY2d 767, 769). However, pursuant to CPL 400.21, the court should have required proof that defendant was advised of his right to a trial by jury when he pleaded guilty in 1962 (see *People v Brown,* 67 AD2d 949; see, also, *People v Owens,* 58 AD2d 587). Therefore, we remit to Criminal Term for a hearing on that question. Titone, J. P., Mangano, Rabin and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JOHNSON, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Westchester County, imposed July 14, 1978. Sentence affirmed. Appellant's assertion that his guilty plea was the involuntary product "of duress of circumstances" is beyond the scope of this appeal, which is limited to a review of "the legality, propriety or excessiveness of the sentence imposed" (see 22 NYCRR 670.17 [i]). Moreover, the allegations raised involve matters entirely dehors the record and therefore may not be addressed on direct appeal. (Cf. *People v Flowers,* 30 NY2d 315; *People v White,* 32 NY2d 393.) Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.