■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH D. ULRICH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant stands convicted of murder in the second degree after a jury trial. The conviction stems from the shooting death of Jack Smith, who was killed by a single .12-gauge shotgun blast to the back of the head. The victim was the live-in boyfriend of Pam Fisher. Fisher had previously been romantically involved with defendant and, after their relationship terminated, defendant continued to pursue Fisher in an attempt to reestablish the relationship. Shortly before Smith was killed, Fisher told defendant that she and Smith were engaged to be married.

There were no eyewitnesses to the shooting and the case against defendant is based entirely on circumstantial evidence. On appeal, defendant argues that the circumstantial evidence against him is legally insufficient and that the verdict is against the weight of the evidence. After reviewing the extensive testimony of numerous witnesses, we disagree.

When a case rests solely upon circumstantial evidence, the evidence, viewed as a whole, must be inconsistent with defendant's innocence and must exclude to a moral certainty every reasonable hypothesis of innocence *(see, People v Ford,* 66

NY2d 428, 441; *People v Guiliano,* 65 NY2d 766, 767). "In the end, the application of the test becomes 'a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts.' " *(People v Benzinger,* 36 NY2d 29, 32, quoting *People v Borrero,* 26 NY2d 430, 435; *see also, People v Johnson,* 101 AD2d 684). When reviewing a conviction based solely upon circumstantial evidence, the evidence must be viewed in the light most favorable to the People and the People must be given the benefit of every reasonable inference to be drawn therefrom *(see, People v Betancourt,* 68 NY2d 707, 709; *People v Marin,* 65 NY2d 741, 742). Further, proof of motive is always a relevant consideration in assessing guilt based solely on circumstantial evidence *(see, People v Moore,* 42 NY2d 421, 429, *cert denied* 434 US 987; *People v Pugh,* 107 AD2d 521, 528, *lv denied* 65 NY2d 985).

Viewed from that perspective, we conclude that the evidence presented at trial leads logically and reasonably to the conclusion that defendant shot Jack Smith. The proof of defendant's motive to kill Smith was strong and, together with the proven facts, excludes to a moral certainty every reasonable hypothesis of innocence *(see, People v Levine,* 65 NY2d 845, 847, *rearg denied* 65 NY2d 1054). We further conclude that the verdict was not against the weight of the evidence.

We disagree with defendant's contention that the court's instruction to the jury on circumstantial evidence was erroneous. Viewing the charge as a whole, we cannot conclude that anything contained therein could have served to confuse the jury.

We agree that Pam Fisher's testimony concerning incidents where her tires were slashed and her car burned should have been stricken because there was insufficient proof connecting defendant to these acts. We conclude, however, that reversal is not required. The testimony was not lengthy and it was only briefly commented upon by the prosecutor on summation. Moreover, testimony by Fisher's sister concerning these incidents was admitted without objection, rendering Fisher's testimony cumulative.

We have reviewed defendant's other arguments and find them to be without merit. (Appeal from judgment of Cattaraugus County Court, Kelly, J.—murder, second degree.) Present —Dillon, P. J., Doerr, Pine, Balio and Lawton, JJ.