(July 10, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MOTEN, Appellant.—Judgment of the Supreme Court, Bronx County (Joseph A. Mazur, J.), rendered October 5, 1987, convicting defendant, after jury trial, of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16) and sentencing him to four concurrent indeterminate terms of imprisonment of from 6 to 12 years, unanimously affirmed.

Undercover narcotics officers were instructed to attempt to purchase drugs at 455 East 140th Street, apartment 1 in Bronx County, and also to execute a search warrant at those premises. After the two undercover officers were unable to gain entry to the apartment as buyers, they both separately purchased cocaine ("crack") from defendant outside the build-

ing. Thereafter, they transmitted a description of defendant to their backup officers. Although appellant was no longer outside the building when the backup officers arrived, he was arrested in the apartment when the officers executed the search warrant.

While the prosecutor's remarks on summation approached the limits of what is considered to be legitimate advocacy *(compare, People v Ortiz,* 116 AD2d 531), they were responsive to arguments and strong comments made during defense counsel's summation and cross-examination. Because of the overwhelming evidence of defendant's guilt, he was fairly convicted and retrial is not warranted in this instance *(People v Johnson,* 57 NY2d 969; *People v Galloway,* 54 NY2d 396).

The prosecutor's reference to the execution of the search warrant during his opening statement was not improper because, at that point, the People still sought to prove the fifth count of the indictment charging defendant with possession of drugs found in the apartment *(People v Kurtz,* 51 NY2d 380, 384, *cert denied* 451 US 911). The court's summary denial of defendant's application to controvert the predicate felony statement was proper because the abridgment of the right to appeal does not render a conviction invalid for the purpose of enhancing sentence *(People v Luciano,* 46 NY2d 767).

Defendant's other contentions have been examined and found to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.