■ The People of the State of New York, Respondent, v John H. Patterson, Jr., Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered April 9, 1990, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant stood trial on two counts of murder in the second degree in violation of Penal Law § 125.25 (1) and (2). He was

charged with intentionally causing the death of Roland Maye by striking him about the head, face, neck and torso with a blunt instrument under circumstances indicating a depraved indifference to human life. Defendant pleaded not guilty, claiming that he killed Maye in self-defense.

Maye sustained numerous broken bones in his face and chest, broken teeth and a collapsed larynx after being hit by defendant with a blunt instrument, identified as a rebar. Maye had earlier cut defendant above the eye after complaining about an unsuccessful drug deal with defendant and defendant's friend. It was defendant's contention that after Maye cut him over the eye, Maye continued to attack him with a knife and defendant, in desperation, picked up something from the ground and hit Maye repeatedly as Maye continued to threaten him with the knife.

The People pointed to the multiple broken bones in Maye's face and chest and a lack of defensive wounds to contradict defendant's contentions. The People attempted to prove that after defendant was cut, he left the scene and returned sometime later, bearing a metal pipe, and that he struck Maye in the head and continued to strike Maye after he fell to the ground. The Coroner testified that Maye had all his facial bones broken, lost several teeth and suffered a collapsed larynx. It was the Coroner's opinion that a number of wounds were probably inflicted after Maye was already down and unconscious. The cause of death was identified as asphyxiation due to a collapsed larynx and bleeding into the airway.

Defendant was convicted of one count of murder in the second degree, after which he brought a CPL article 330 motion to set aside the verdict. The motion was denied. Defendant was sentenced to 25 years to life imprisonment. On this appeal defendant seeks reversal of his conviction on several grounds: (1) failure of the People to demonstrate the cause of Maye's death beyond a reasonable doubt, (2) impermissible questioning of defendant, (3) prosecutorial misconduct, (4) erroneous denial of a motion to suppress photo identification of defendant, and (5) error on the part of County Court in limiting defendant's questioning regarding the criminal record of the victim.

Initially we find defendant's challenge to the adequacy of the proof of cause of death without merit. The evidence was overwhelming that Maye succumbed from the numerous blows that he received at defendant's hand. Contrary to defendant's contention, it is unnecessary to prove which blow was the lethal one (see, People v Lipsky, 57 NY2d 560, 568-569).

Defendant contends that he was denied a fair trial because of prosecutorial misconduct in that the prosecutor failed to turn over *Brady* and *Rosario* material. The material referred to consisted of a phone call made to the police by Scott Earle on July 1, 1988 reporting that Maye was lying in the gutter and that the caller observed five men get into a white car and drive away. Defense counsel was first informed of Earle's call the day before trial. He was unable to communicate with Earle who had moved to Florida. After trial, defendant made a CPL 330.30 motion to set aside the verdict on the grounds of newly discovered evidence, which was denied by County Court on the grounds that defense counsel could have reached Earle and that, in any event, Earle's testimony was not such as would have affected the outcome of the trial.

Defendant's attempt to place the evidence under the category of *Rosario* material must fail *(see, People v Ranghelle,* 69 NY2d 56, 62). Earle was not a prosecution witness and thus his phone statement to police was not *Rosario* material necessary for defendant's use for impeachment purposes. The statement also fails to qualify as *Brady* material. It is not exculpatory material but rather consists of a description of the scene of the crime after the fight was over.

Defendant next argues that the People presented hearsay and irrelevant inflammatory testimony. County Court permitted testimony by Maye's sister, Laura Maye, as to what someone had told her about her brother's death and about a knife that was given to her. Additionally, the court allowed testimony by Harry Wright about a conversation he had with defendant about the fight and about an alleged cocaine transaction. Defense counsel objected to the testimony by Maye's sister but not to Wright's testimony.

The hearsay rule forbids assertions made out of court as proof of the truth of the fact asserted *(People v Edwards,* 47 NY2d 493). The rule is intended to guarantee defendant the right to cross-examine witnesses for the purpose of ascertaining veracity. County Court's designation of Laura Maye's testimony as an exception to the rule in the category of res gestae is somewhat dubious because the remarks were not a part of the criminal incident. However, we nonetheless do not find the testimony so prejudicial as to deny defendant his right to a fair trial. As to Wright's testimony, it was properly admitted as an admission by defendant, an exception to the hearsay rule *(see, People v Settles,* 46 NY2d 154, 167).

Defendant also contends that the People's cross-examination

of him was prejudicial and improper. Specifically, defendant objects to the People's extensive cross-examination of his criminal record, his use of drugs, his understanding of the concept of self-defense and his feelings regarding the victim's death. We note that defendant failed to object at trial as to the alleged errors and thus the issue has not been preserved for appellate review (see, CPL 470.05 (2); *People v Pavao,* 59 NY2d 282, 293). In any event, were we disposed to examine the issue on the merits we would find the contention without merit.

We do agree, however, that County Court erred on several occasions when it permitted the prosecutor to cross-examine defendant by asking him, based on divergences between his testimony and that of other witnesses, whether the witnesses had lied. Although it is improper to ask a defendant to characterize the testimony of other witnesses as lies (see, *People v Galloway,* 54 NY2d 396, 400), we nonetheless find the error to be harmless. Absent the significant probability that the jury would have acquitted defendant had it not been for the errors, the error does not require a reversal (see, *People v Crimmins,* 36 NY2d 230, 242). Here, proof of defendant's guilt is overwhelming. There was eyewitness testimony to the event from several witnesses and defendant admitted to the beating in a statement to police which contained no contentions of self-defense.

Defendant contends that the prosecutor's depiction in his summation of defendant as depraved and callous, his commentary on defendant's failure to call certain witnesses, his description of defendant as hiding out after the crime to avoid apprehension, and his characterization of defendant as a vicious mad dog criminal who has been arrested a number of times were all outside the bounds of proper commentary and highly prejudicial. We note that defense counsel made no objection to the comments, thereby waiving review thereof. Moreover, were we to pass thereon, we would find no error in the prosecutor's comments.

Defendant's contention that the photo identification of him was tainted and should have been suppressed is also without merit. Defendant has failed to establish that the photo identification was suggestive. We further note that the witness had an independent basis for identification. She had a good opportunity to view defendant on the day of the incident and also knew him from a prior occasion.

Defendant's final contention relates to County Court's error in denying his demand to be allowed to ask questions about

the victim's criminal record. Such evidence can be introduced if it can be shown that defendant was aware of the victim's reputation for violence or of his criminal record at the time of the incident *(see, People v Miller,* 39 NY2d 543, 548-549; *People v Trivette,* 175 AD2d 330, *lv denied* 78 NY2d 1082). Defendant failed to establish awareness of the victim's reputation or criminal record. Failing this, defendant was properly denied the right to question witnesses as to the victim's reputation and record.

Weiss, P. J., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.