■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY L. RYAN, JR., Appellant. [658 NYS2d 527] —Carpinello, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered October 27, 1995, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and criminal trespass in the second degree.

In the early morning hours of March 17, 1995, defendant entered the home of a friend with whom he had no contact in several months (hereinafter the victim), finding her alone in bed. When the victim awoke, she discovered defendant standing naked before her. At this time, defendant forced his way into the bed, pushed the victim down and placed his hand over her mouth, thwarting her efforts to scream. The victim hit and kicked defendant and bit him on the right hand, each to no

avail. With a sweatshirt held over her face, defendant threatened to kill her if she did not do as he said; defendant then sodomized and raped her. Before leaving, he ripped the victim's telephone out of the wall.

Although dark in her home, the victim was able to identify defendant as her assailant to the police immediately after the attack; she also sought medical care at this time. The following day, defendant confessed to a good friend that he had raped the victim. He also admitted to his father that he "screwed up" and that it had to do with a "visit" to the victim. Defendant was apprehended several days later at his grandparents' New Jersey home where he was found cowering between a bed and a wall. The arresting officer observed a small deep bruise on defendant's right hand. Convicted after a jury trial of the crimes of rape in the first degree, sodomy in the first degree and criminal trespass in the second degree and sentenced as a second felony offender to concurrent prison terms of 10 to 20 years on the rape and sodomy charges, defendant now appeals.*

We affirm. Defendant assigns error to County Court's refusal to instruct the jury on his "lack of motive" to commit the instant crimes. There is no requirement that the People establish motive; evidence thereof, however, is a relevant consideration in cases where a defendant's guilt is based solely on circumstantial evidence (*see, e.g., People v Ulrich*, 152 AD2d 993, 994, *lvs denied* 74 NY2d 952, 75 NY2d 818; *People v Pugh*, 107 AD2d 521, 528, *lvs denied* 65 NY2d 985, 67 NY2d 764). Such is not the case here. There was significant and overwhelming direct evidence of defendant's guilt, including the testimony of the victim, defendant's friend and defendant's father (*see, People v Reaves*, 30 AD2d 828, *affd* 26 NY2d 921).

Moreover, while the absence of a motive may tend to establish that a defendant lacked the requisite intent to commit a crime, defendant admitted that he engaged in intercourse with the victim, but claimed that it was consensual (*see, People v Luciano*, 46 NY2d 767; *People v Walton*, 211 AD2d 565, *lv denied* 86 NY2d 742; *compare, People v Dinser*, 192 NY 80). Since defendant's guilt in this case was established by overwhelming direct evidence and he admitted that he engaged in sexual intercourse with the victim, motive was not of primary importance and County Court was not required to charge the jury on the absence of it (*see, People v Luciano, supra*; *People v Burton*, 213 AD2d 732, 734, *lv denied* 85 NY2d 970; *People v Briggs*, 71 AD2d 685, 686-687; *compare, People v Lewis*, 275 NY 33).

---

* Defendant was also fined $100 on the trespass charge and ordered to pay restitution to the victim.

Defendant claims that he was denied a fair trial by improper and inflammatory questions during the prosecutor's cross-examination of him. Defendant, however, failed to object to the alleged prejudicial and improper questions on the precise grounds now being raised. Defense counsel never objected that any question posed to defendant was improper because it asked him to characterize another witness as a liar or because the prosecutor was using defendant's pretrial silence to impeach his testimony; rather, most of the objections lodged were on the ground that a question was argumentative, called for speculation or called for a narrative. Accordingly, the alleged errors now being advanced are not properly before this Court (*see, People v Patterson*, 184 AD2d 916, 918-919, *lv denied* 80 NY2d 908). In any event, reversal in the interest of justice (*see,* CPL 470.15 [6] [a]) is not warranted because, given the overwhelming evidence of defendant's guilt, any error was harmless (*see, People v Patterson, supra; cf., People v Barber,* 143 AD2d 450). In addition to the direct evidence of defendant's guilt, other evidence included the fact that the victim's telephone was ripped from the wall, medical testimony that she had minimal abrasions on her thighs and evidence of her frail emotional state immediately following the sexual attack.

Defendant also claims he was denied a fair trial by improper and prejudicial statements made during the prosecutor's summation. His failure to voice any objection to the summation forecloses appellate review of this claim as well (*see, People v Murphy*, 188 AD2d 742, 743, *lv denied* 81 NY2d 890; *People v Longo*, 182 AD2d 1019, 1022, *lv denied* 80 NY2d 906). Moreover, reversal in the interest of justice is unwarranted because the summation did not go beyond the bounds of permissible commentary (*see, People v Galloway*, 54 NY2d 396; *People v Barber*, 231 AD2d 835), was an appropriate response to the defense summation (*see, People v Marks*, 6 NY2d 67, *cert denied* 362 US 912) and the evidence of defendant's guilt was exceptionally strong (*see, People v Pickens*, 229 AD2d 607, 609, *lv denied* 89 NY2d 866).

With respect to the sentence imposed, defendant contends that it is harsh and excessive because "no weapon was used and * * * the [victim] was never kicked, punched, beaten, slapped or bitten". We charitably characterize this argument as unpersuasive and are eminently satisfied that the sentence imposed for these brutal crimes, during the perpetration of which defendant threatened the victim's life and subjected her to physical force, should not be disturbed.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.