■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY P. SMITH, Appellant. [696 NYS2d 543] —Graffeo, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered November 30, 1998, upon a verdict convicting defendant of the crimes of burglary in the second degree, grand larceny in the third degree and burglary in the third degree.

As a result of a break-in and theft of money and lottery tickets at a store and residence in the Village of Massena, St. Lawrence County, defendant was indicted for burglary in the second degree, grand larceny in the third degree and burglary in the third degree. Following a jury trial, he was convicted of all three counts and now appeals, contending that the manner in which the credibility of one of the People's witnesses was presented to the jury violated his right to a fair trial.

At trial, defendant's accomplice, Joan Perkins, testified regarding defendant's involvement in the break-in and theft. During his opening statement, the prosecutor informed the jury that Perkins had testified untruthfully before the Grand Jury and that the jury would have to determine whether her trial testimony was truthful. Perkins was questioned by the prosecutor during her direct testimony as to whether she told the truth when she testified before the Grand Jury and she replied in the negative. Over defendant's objection, Perkins was then permitted to testify that she was dependent on cocaine, but was living in a halfway house and had been "clean" for the past eight months. During cross-examination, defense counsel questioned Perkins about immunity and the prosecutor interrupted to explain that defendant had received transactional immunity but no immunity for perjury. Nevertheless, County Court charged the jury that, in addition to transactional immunity, Perkins had been promised that if she testified truthfully at trial she would not be prosecuted for perjury based upon her Grand Jury testimony.

Except for the single objection noted, defendant did not object to the charge or any of the prosecutor's statements or questions that he now claims were damaging and, therefore, his

fair trial claim has not been preserved for appellate review (*see, People v Ryan*, 240 AD2d 775, 777, *lv denied* 90 NY2d 910). Nor is reversal in the interest of justice warranted. The prosecutor's questioning about Perkins' Grand Jury testimony was limited and did not involve the use of the Grand Jury minutes or other prior inconsistent statements to impeach Perkins (*see, People v Longo*, 182 AD2d 1019, 1021, *lv denied* 80 NY2d 906). The prosecutor's statements during summation constituted fair comment on the evidence in response to defense counsel's challenge to Perkins' credibility (*see, People v Ashwal*, 39 NY2d 105, 109).

Contrary to County Court's charge, Perkins was not granted immunity from prosecution for perjury based upon her Grand Jury testimony. During his summation, however, defense counsel claimed that Perkins had been given such immunity. In any event, defendant was not prejudiced by the erroneous charge. The court charged that the credibility of witnesses' testimony was to be determined by the jury and that, with regard to Perkins' credibility, the jury must consider her admission that she intentionally gave false testimony before the Grand Jury. The court also instructed the jury that Perkins was an accomplice and that the law views with suspicion the testimony of an accomplice in a criminal trial, especially when the accomplice witness has sought or received some consideration in exchange for his or her testimony. When considered in the context of the charge as a whole, the erroneous statement, which benefitted defendant, provides no basis for this Court to exercise its authority to reverse in the interest of justice (*see, People v Young*, 240 AD2d 974, 975, *lv denied* 90 NY2d 1015).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.