**Jose VEGA, Petitioner–Appellant,**

v.

**Leonard PORTUONDO, Respondent–Appellee.**

**Docket No. 03–2856.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2005.

Brian Sheppard, New Hyde Park, NY, for Petitioner–Appellant.

Morgan J. Dennehy, Assistant District Attorney (Charles J. Hynes, District At-

382

torney, King's County, Victor Barall and Leonard Joblove, Assistant District Attorneys, on the brief), Brooklyn, NY, for Respondent–Appellee.

PRESENT: POOLER, KATZMANN, and RAGGI, Circuit Judges.

SUMMARY ORDER

Petitioner-appellant Jose Vega appeals from the District Court's judgment, entered October 9, 2003, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ Petitioner did not raise his 14th Amendment due process claim in the state courts, but because he has no remaining avenue to raise this claim in the state court system, the claim is deemed exhausted for federal habeas purposes. *See St. Helen v. Senkowski*, 374 F.3d 181, 183 (2d Cir. 2004). Even if petitioner did not specifically assert the 14th Amendment as a basis for his challenge in the District Court, we will consider this claim here because it was actually decided by the District Court and because the issue is one whose resolution does not require additional factfinding. *See Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (noting that it is a "general rule" that "a federal appellate court does not consider an issue not passed on below"); *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 142 (2d Cir.2000) (finding exception to general rule where resolution of issue requires no additional factfinding). Because we agree with the District Court that petitioner's claim lacks merit, we need not decide whether the claim is procedurally defaulted.

■ Because petitioner's due process claim was not adjudicated on the merits by the state courts, our review of this issue is *de novo*. *See* 28 U.S.C. § 2254(d); *Washington v. Schriver*, 255 F.3d 45, 55 (2d Cir.2001). We note as a preliminary matter that the admissibility of the challenged evidence-a prosecution witness's grand jury testimony that petitioner admitted to ordering the murder, offered to impeach the witness's denial that such an admission took place-was a question of state law. Even assuming, for the sake of argument, that petitioner is correct to assert that admission of the grand jury testimony was erroneous as a matter of New York evidentiary law, this alone would not suffice to merit federal habeas relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

■ Petitioner argues that the state law evidentiary ruling denied him the right to due process guaranteed by the 14th Amendment, entitling him to federal habeas relief, because the grand jury testimony was unfairly prejudicial. "The introduction of unfairly prejudicial evidence against a defendant in a criminal trial ... does not amount to a violation of due process unless the evidence is so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir.1998). We have held that evidence tending to prove an essential element of the crime is not unfairly prejudicial. *See id.* In any event, the admission even of unfairly prejudicial evidence does not violate due process unless, taken in light of the record as a whole, it was sufficiently material to have removed a reasonable doubt that would otherwise have existed as to defendant's guilt. *See id.*

The evidence at issue was not so unfairly prejudicial as to violate petitioner's 14th Amendment right to due process. It is a type of evidence regularly admitted as

substantive evidence in federal court. *See* Fed.R.Evid. 801(d)(1) & (2). The record as a whole demonstrates that it was largely cumulative, as other evidence, not challenged by petitioner, tended to prove that petitioner's girlfriend was having an affair with the victim, that petitioner and the victim had recently fought about the affair, during which petitioner threatened to kill the victim, that the day after this fight petitioner met with two men, drove them to a park, and pointed out the victim to them, that later that same day petitioner and the same two men returned to the same park in separate cars, that petitioner waited in one car while the killer exited his car, walked towards the victim, shot him three times, and fled, and that the victim died shortly thereafter from his wounds. In light of this record and the nature of the challenged evidence, its admission was not so unfairly prejudicial as to offend fundamental conceptions of justice.

■ Petitioner argues that it violates due process for the prosecution to call a witness for the sole purpose of having otherwise inadmissible evidence admitted as impeachment. However, the cases relied on by petitioner, *see United States v. Webster*, 734 F.2d 1191 (7th Cir.1984); *United States v. Coppola*, 479 F.2d 1153 (10th Cir.1973), are inapposite, as here the prosecution had reason to believe that its witness would testify that petitioner had admitted to having ordered the killing, which would be admissible evidence under New York law. *See, e.g., People v. Patterson*, 184 A.D.2d 916, 584 N.Y.S.2d 954, 956 (App.Div.1992) (recognizing exception to hearsay rule for party admissions).

■ Petitioner seeks a supplemental certificate of appealability on the issue of whether a defense peremptory challenge was correctly denied under *Batson v. Ken-*

*tucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Petitioner's application for such a certificate was previously denied by a panel of this Court. *Vega v. Portuondo,* No. 03–2856 (2d Cir. June 2, 2004). This Court has not had occasion to decide whether we may reconsider a motions panel's denial of a certificate of appeal ability, *see Valverde v. Stinson,* 224 F.3d 129, 136 (2d Cir.2000) (citing *Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 148–49 (2d Cir. 1999)), and we need not do so now because we agree with the motions panel that petitioner has not made "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Because petitioner's *Batson* argument was decided by the state courts, we are precluded from holding that refusal of petitioner's peremptory challenge denied him a constitutional right in the absence of Supreme Court precedent clearly establishing such a right. *See* 28 U.S.C. § 2254(d)(1). The Supreme Court has declined to recognize a constitutional right to exercise a peremptory challenge. *See Ross v. Oklahoma,* 487 U.S. 81, 88, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988). Petitioner therefore fails to make the "substantial showing" required to establish entitlement to a certificate of appealability.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.