People v Terryl E. (2025 NY Slip Op 05251)

People v Terryl E.

2025 NY Slip Op 05251

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-01403
 (Ind. No. 70168/20)

[*1]The People of the State of New York, respondent,
v
Terryl E. (Anonymous), appellant.

Twyla Carter, New York, NY (David Billingsley of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Faith Simmons on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bruna DiBiase, J.), rendered November 10, 2021, adjudicating him a youthful offender, upon his plea of guilty to robbery in the first degree, and imposing sentence.
ORDERED that the judgment is affirmed.
We reject the People's contention that the defendant's excessive sentence claim has been rendered academic. A defendant's contention that the sentence imposed is excessive is rendered academic where the defendant has completed the imposed sentence (see e.g. People v Davis, 205 AD3d 731). Here, however, the People's contention is not that the defendant has completed his term of probation but that he was discharged from probation based on a new conviction. Since the People's contention is based on the defendant being discharged from probation, and not merely on the defendant completing his sentence through the passage of time, their contention cannot be evaluated by making calculations based on the record. To support their contention, the People purport to rely on a certain document that is dehors the record and, under the circumstances, not properly considered on this appeal (see generally People v Johnson, 73 AD2d 652; cf. Brandes Meat Corp. v Cromer, 146 AD2d 666, 667).
Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., WOOTEN, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court