■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLEE COMER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered August 27, 1986, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution's impeachment of its own witness violated CPL 60.35 (1) because the witness did not give testimony upon a material issue tending to disprove the People's case. The prosecution called John Boyd, the owner of a barbershop in which the murder occurred. He testified that he did not know who had shot the victim because he was inside the shop's bathroom during the incident and, upon exiting the bathroom, observed only the victim's body. Over the defense counsel's repeated objections, the court permitted the prosecutor to impeach Boyd by reading portions of his Grand Jury testimony, in which he stated that he had, in fact, identified the defendant as the perpetrator.

The court erred in permitting the prosecutor to impeach Boyd's testimony. As we have recently observed, "[p]ursuant to CPL 60.35 (1), when the People call a witness who gives testimony upon a material issue which 'tends to disprove' the People's position at trial, they may then seek to introduce prior written signed statements and oral sworn statements by that party which contradict the trial testimony" *(People v*

*Magee,* 128 AD2d 811, *lv denied* 70 NY2d 650). The testimony sought to be impeached must, however, " 'affirmatively damage' the People's position, and may not simply constitute a mere failure to recollect" *(People v Magee, supra,* at 811; *People v Saez,* 69 NY2d 802; *People v Fitzpatrick,* 40 NY2d 44). At bar, Boyd's testimony, which was to the effect that he never had knowledge of the perpetrator's identity, did not "affirmatively damage" the People's case *(see, People v Dann,* 100 AD2d 909, 912; *People v Jordan,* 59 AD2d 746, 747).

Nevertheless, we conclude that reversal is not warranted under the circumstances inasmuch as the proof of guilt was overwhelming, thereby rendering the error harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Jackson,* 101 AD2d 955; *People v Woods,* 84 AD2d 937). At trial, prosecution witness Kenneth Franklin—who selected the defendant from a lineup the day after the murder and who had been a friend of defendant for approximately three years—testified that after hearing shots fired in the barbershop, he observed the defendant from a distance of 2 to 3 feet with a revolver in his outstretched hand pointed in the direction of the victim who had been shot. In light of the foregoing, and taking into consideration the court's repeated admonitions to the jury that Boyd's Grand Jury testimony could be employed for impeachment purposes only and not to corroborate the testimony of any other witness, the error committed with respect to the impeachment of Boyd was harmless.

We have considered the defendant's claims of prosecutorial misconduct during summation and find them to be either unpreserved for appellate review or lacking in merit. Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.