■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered August 6, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution's impeachment of its own witness was improper. The prosecution called a witness who testified that he did not see the defendant stab the victim. Over the defense counsel's objection, the trial court permitted the prosecutor to impeach this witness by reading portions of an audiotaped statement he had earlier made to the police in which he stated that he had, in fact, seen the defendant stab the victim.

The People concede and we find that the trial court erred in permitting the prosecutor to impeach the witness. Pursuant to CPL 60.35 (1) impeachment is appropriate only when the testimony of the witness in court affirmatively damages the case of the party calling him (see, People v Fitzpatrick, 40 NY2d 44; People v Comer, 146 AD2d 794). At bar, the witness's testimony was to the effect that he saw the defendant walk up to the victim, and then he saw the defendant walk away from the scene, throwing away a knife, and afterwards he observed the victim bleeding. His testimony was not affirmatively damaging to the People's case, even though he testified that he did not see the actual stabbing. Nevertheless, a reversal is not warranted. The prosecution produced three witnesses. Each testified that he saw a man approach the victim. After the encounter the victim was left bleeding on the street. One of these witnesses made an in-court identification of the defendant, whom he knew from the neighborhood, as the assailant. Moreover, the defendant himself testified that he had an altercation with the victim and that he had stabbed the victim. Although the defendant further testified that he had acted in self-defense to prevent the victim from shooting him, no gun was recovered from the victim's person or in the near vicinity. Under these circumstances, and taking into consideration the trial court's instructions to the jury that the witness's prior statement was to be considered for impeachment purposes only, the error was harmless (see, People v Crimmins, 36 NY2d 230).

The defendant also contends that the trial court improperly permitted the prosecutor to question him in detail about certain of his prior convictions. The trial court's pretrial Sandoval ruling only permitted the prosecutor to ask the defendant whether he committed, and was convicted of, four felonies, without going into the underlying circumstances. However, during cross-examination, the defendant voluntarily asserted that he carried a knife as a consequence of his being a victim of crime; he attempted to display his scars to the jury

and claimed he was a nonviolent man. As the defendant placed his character in issue, the trial court did not err by ruling that the defendant had "opened the door" to cross-examination as to the underlying facts of two of his prior convictions to dispute his assertion that he was a nonviolent man (cf., People v Powe, 146 AD2d 718).

The defendant's other contentions are either unpreserved for appellate review (see, CPL 470.05 [2]), or without merit. Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.