■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER GRAHAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fuchs, J.), rendered December 10, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We conclude that the defendant was not denied a fair trial even though some of the prosecutor's comments during summation appeared to intend to arouse the sympathy of the jury and were improper *(see, People v Meredith,* 128 AD2d 813; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). Brown, J. P., Harwood, Miller and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH HAJDNAK, Respondent.—Appeal by the People from an order of the County Court, Orange County (Byrne, J.), dated January 11, 1989, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings.

The proper standard for reviewing the sufficiency of evidence presented to the Grand Jury in support of an indictment is "legal sufficiency", defined as competent evidence which, if accepted as true, would establish every element of the offense charged (CPL 70.10 [1]; *see, People v Deegan,* 69 NY2d 976, 978). We find the evidence presented to the Grand Jury in this case, when viewed in the light most favorable to the People *(see, People v Jennings,* 69 NY2d 103, 115; *People v Deitsch,* 97 AD2d 327), was legally sufficient to establish that the defendant's ability to operate his vehicle was impaired by the ingestion of cocaine, as well as every other element of the counts charged in the indictment.

Accordingly, we reverse the order appealed from and reinstate the indictment in its entirety. Brown, J. P., Harwood, Miller and Ritter, JJ., concur.