■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARD J. ANDRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered November 1, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

The evidence against the defendant at this retrial consisted essentially of one witness who claimed she saw the defendant shoot the victim after an argument. A second witness who had identified the defendant at the first trial, which ended in a mistrial because of a hung jury, insisted at the retrial that he did not hear the argument or witness the shooting. The court then, over objection, permitted the People to impeach the credibility of the second witness by asking him in detail about his prior testimony, in which he implicated the defendant as the shooter. During this questioning, the defense counsel

repeatedly objected unsuccessfully to the prosecutor reading whole sections of the witness's prior testimony into the record without first establishing that the witness was contradicting particular answers he had previously given. On appeal, the defendant argues that such impeachment violated CPL 60.35 and constituted reversible error. Although this present claim was not clearly raised during trial, we have considered it in view of the numerous other trial errors.

Pursuant to CPL 60.35 (1), when a People's witness gives testimony upon a material issue which "tends to disprove" the People's position at trial, they may then impeach that witness by introducing his or her prior written signed statements or oral sworn statements which contradict the trial testimony. "The testimony sought to be impeached must, however, ' "affirmatively damage" ' the People's position, and may not simply constitute a mere failure to recollect" *(People v Comer,* 146 AD2d 794, 795, quoting *People v Magee,* 128 AD2d 811; *see also, People v Fitzpatrick,* 40 NY2d 44). In the instant case, the witness's testimony did not "affirmatively damage" the People's case; he never specifically denied that the defendant was involved in the shooting or claimed that the defendant was not present during the incident *(cf., People v Broomfield,* 163 AD2d 403; *People v Mercado,* 162 AD2d 722). Rather, he merely testified that he did not witness the shooting or argument. Accordingly, the court should not have permitted the People to impeach this witness by his prior trial testimony *(see, People v Rios,* 166 AD2d 616; *People v Comer, supra; People v Smith,* 104 AD2d 160; *People v Dann,* 100 AD2d 909, 912).

This error was exacerbated by other trial errors. For example, the court erroneously permitted the People, over objection, to introduce evidence that the eyewitness who identified the defendant at this retrial had previously identified the defendant from a photographic array *(see, People v Caserta,* 19 NY2d 18, 21; *People v Grate,* 122 AD2d 853; *People v Tisdale,* 114 AD2d 869; *People v Grimes,* 112 AD2d 711).

In addition, another witness testified, over objection, that on several occasions between 1970 and 1973 he accompanied the victim to the defendant's home. Because this evidence was so remote, it was irrelevant to the issues in the instant case and should not have been admitted. Subsequently, just prior to the close of the People's case, the court struck the testimony of that witness after the defense counsel demonstrated through Department of Corrections records that he could not have seen the defendant at the time he claimed. However, the court

later confused matters by noting during the jury charge that that witness was one of the witnesses called by the People, and then refusing to remind the jurors that his testimony had been stricken and that they were to disregard it.

During summation the prosecutor repeatedly referred to the key People's witness as a "brave young girl" and asked the jury not "to let her down". These comments were inflammatory and improperly appealed to the sympathy of the jury *(see, People v Ashwal,* 39 NY2d 105; *People v Graham,* 169 AD2d 842; *People v Bartolomeo,* 126 AD2d 375, 390).

We find that the cumulative effect of these errors deprived the defendant of a fair trial. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.