■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANWAR ABDUL, Appellant. [665 NYS2d 406] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 16, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. According due deference to the credibility determinations of the court, we find no basis to disturb the court's determination that defendant voluntarily gave his shoes to the police, following their request and explanation that the shoes would be compared, by laboratory analysis, with specimens from other employees (*see, People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734). The People established by clear and convincing evidence that, under the totality of the circumstances, defendant voluntarily turned over the shoes (*People v Gonzalez*, 39 NY2d 122, 130).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The chain of circumstantial evidence provided ample proof of defendant's guilt.

The court properly denied defendant's application for a *Frye* hearing (*Frye v United States*, 293 F 1013) in connection with proposed testimony regarding shoe print comparison. Such a hearing was not required because the procedure essentially involved mere physical comparison, rather than a novel scientific technique (*see, People v Middleton*, 54 NY2d 42, 49-50).

The court properly permitted, following a hearing, the in-

court identification of defendant by a witness who had failed to identify defendant in a pretrial lineup procedure (see, People v Spigner, 202 AD2d 331, lv denied 83 NY2d 915). All circumstances relative to the witness's in-court identification of defendant were presented to the jury and, during cross-examination and summation, defense counsel brought to the jury's attention the witness's prior inability to identify defendant in the lineup, as well as the defense theory of undue suggestiveness arising from defendant's position at the defense table during trial. The weight to be accorded to the identification testimony was properly left to the jury (supra).

Defendant did not preserve his current claims of error regarding the court's charges to the jury in connection with circumstantial evidence and robbery. Were we to review them in the interest of justice, we would find that the charges adequately conveyed the appropriate legal principles.

We conclude from the existing record that defendant received effective assistance of counsel (People v Baldi, 54 NY2d 137).

We perceive no abuse of discretion in sentencing.

We have considered defendant's additional claims of error and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Rubin and Tom, JJ.