■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DELANCY, Appellant. [678 NYS2d 180] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of assault in the first degree (Penal Law § 120.10 [1]) for his involvement in an incident in which the nine-year-old victim sustained third degree burns over 25% of his body after nail polish remover was poured on his clothing and he was set on fire. County Court properly denied the motion of defendant to suppress his written confession. The confession was prepared in the presence of defendant's mother, after defendant had received his *Miranda* warnings (*see, Matter of James W.,* 130 AD2d 753; *see also, People v Smith,* 217 AD2d 221, 234, *lv denied* 87 NY2d 977). Contrary to defendant's contention, the single inquiry made by a police officer before defendant was transported to the police station did not constitute custodial interrogation but was merely a noncustodial investigatory inquiry (*see, People v Bennett,* 70 NY2d 891, 893-894; *People v Baker,* 188 AD2d 1012, *lv denied* 81 NY2d 967).

The photographs depicting the nature and extent of the victim's injuries were properly admitted into evidence (*see, People v Wood,* 79 NY2d 958, 960; *People v Williams,* 241 AD2d 911, *lv denied* 91 NY2d 837). The court properly exercised its discretion in determining that their probative value outweighed their prejudicial impact (*see, People v Stevens,* 76 NY2d 833, 835; *see generally, People v Pobliner,* 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905).

Despite the prosecution's error in failing to ascertain and disclose to the defense the cooperation agreement between a prosecution witness and the County Attorney, defense counsel became aware of the agreement prior to cross-examining that witness. Thus, defendant had a meaningful opportunity to use the allegedly exculpatory material for purposes of impeachment (*see, People v Osborne,* 91 NY2d 827, 828-829, citing *People v Cortijo,* 70 NY2d 868, 870; *see also, Matter of Shellito D.,* 226 AD2d 1075, 1076).

The court properly curtailed cross-examination of a prosecution witness. It was improper to attempt to impeach the credibility of that witness with the hearsay statement of the non-testifying victim (*see, People v Jarrells,* 190 AD2d 120, 125-126).

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Fallon, JJ.