■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE E. PIERCE, JR., Appellant. [698 NYS2d 753] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 30, 1998, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sodomy in the second degree, aggravated sexual abuse in the first degree, aggravated sexual abuse in the third degree and sexual abuse in the second degree.

As a consequence of engaging in deviate sexual intercourse with an 11-year-old male and an eight-year-old female on June 28, 1997 in the Town of Windsor, Broome County, defendant was convicted as previously noted. Sentenced to an aggregate, indeterminate term of imprisonment of 32 to 64 years, defendant appeals.

Defendant takes issue with County Court's determination, made during trial and after a hearing (see, CPL 65.20 [5]), that one of the victims was a vulnerable witness and hence would be allowed to testify via two-way closed circuit television (see, CPL 65.10). Factually, this case presents several of the extraordinary circumstances recited in CPL 65.20 (9) which, if established by clear and convincing evidence, will support a finding that the child would suffer severe emotional harm if required to testify with defendant present: notably, (1) the manner of the commission of the offense defendant was accused of committing was particularly heinous (see, CPL 65.20 [9] [a])—it was alleged he inserted his penis as well as a grease gun filled with water into the victims' rectums; (2) at the time, defendant occupied a position of authority with respect to the child witness (see, CPL 65.20 [9] [c])—as the boyfriend of the victims' grandmother he was viewed as a grandfather figure; and (3) defendant admonished the victims that he would go to prison if they divulged what had occurred (see, CPL 65.20 [9] [h]).

Additionally, County Court credited testimony of an experienced social worker who counseled the female victim and opined that if she were to testify in court with defendant present, she would suffer severe mental or emotional harm. Not insignificantly, this opinion was buttressed by the court's personal observation (made of the victim when she was initially examined regarding the incident) that she was "extremely frightened, extremely upset". In sum, the record evidence more than amply justifies the court's decision to permit the victim to testify by two-way closed circuit television (see, CPL 65.10 [1]; see also, People v Cintron, 75 NY2d 249, 254-255).

Nor are we persuaded that County Court should have

dismissed the charge of aggravated sexual abuse in the first degree because the People purportedly failed to prove that the female victim sustained physical injury as required by Penal Law § 130.70. She testified—concerning the incident with the grease gun—that defendant "put a pump with water up my butt [and] [i]t hurt". Viewing this evidence in the light most favorable to the People (*see, People v Jacobs*, 188 AD2d 897, *lv denied* 81 NY2d 887), her subjective description of the pain was sufficient to establish that she sustained physical injury within the meaning of Penal Law § 10.00 (9) (*see, People v Critzer*, 97 AD2d 878, 879).

We also reject defendant's argument that reversal is warranted because of alleged prosecutorial misconduct. The suggestion that the prosecutor's reference to defendant as "grandpa" in examining certain witnesses when there was in fact no blood relationship between defendant and the victims was prejudicial is not only unpreserved for our review, but, given the bond between defendant and the children as testified to by them and their mother, is meritless as well (*see*, CPL 470.05 [2]; *see also, People v Malloy*, 262 AD2d 798, 799, *lv denied* 93 NY2d 1022). As for the prosecutor's asking of defendant, on cross-examination, to comment on the truthfulness of the victims' testimony, the objections interposed were either improper (i.e., argumentative) and hence unpreserved for our review (*see, People v Ryan*, 240 AD2d 775, 777, *lv denied* 90 NY2d 910) or sustained by County Court. In any event, the claimed transgressions were not so pervasive or profound as to have rendered the trial unfair (*see, People v Erwin*, 236 AD2d 787, *lv denied* 89 NY2d 1011; *People v Johnson*, 213 AD2d 791, 795, *lv denied* 85 NY2d 975). And defendant's conclusory assertion, that he was denied effective assistance of counsel, is simply belied by the record.

However, the sentence imposed must be modified. As the People concede, defendant was entitled to be sentenced concurrently rather than consecutively, because the crimes of aggravated sexual abuse in the first degree and aggravated sexual abuse in the third degree have their origin in the same conduct (*see*, Penal Law § 70.25 [2]). Lastly, in view of the egregious nature of the crimes and the absence of any extraordinary circumstances, we find that the sentence was not otherwise harsh or excessive (*see, People v Leigh*, 232 AD2d 904, 905, *lv denied* 89 NY2d 1036, 1037; *People v Tinning*, 142 AD2d 402, 408-409, *lv denied* 73 NY2d 1022).

Cardona, P. J., Mikoll, Crew III and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the

facts, by directing that defendant's sentences for the convic-
tions of the crimes of aggravated sexual abuse in the first
degree and aggravated sexual abuse in the third degree shall
run concurrently rather than consecutively, and, as so modi-
fied, affirmed.