■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEAL T. BARNES, Appellant. [701 NYS2d 201] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that County Court erred in denying his motion to suppress statements in which he confessed to the murder. Defendant contends that statements made at the scene of the crime should have been suppressed because he was not given his *Miranda* warnings. We disagree. Defendant was outside the door of the apartment when police asked him investigatory questions in response to a report of gunfire. Defendant, without prompting from the police, then opened the door and made incriminating statements about the murder. A reasonable person innocent of any crime would not have believed that he or she was in custody at that time (*see, People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851; *see also, People v Centano,* 76 NY2d 837, 838). We reject defendant's further contention that statements made at the police station were involuntary and should have been suppressed. The process of obtaining those statements continued from approximately 5:00 A.M. to 1:30 P.M. Defendant declined offers of food, was provided with coffee and cigarettes and given a break to use the bathroom and did not appear intoxicated to the police. Viewing the totality of the cir-

cumstances, we conclude that the statements were voluntarily made (*see, People v Anderson,* 42 NY2d 35, 38). Moreover, the record does not support the contention of defendant that the police intentionally delayed the interrogation, thereby delaying his arraignment and rendering the statements involuntary (*see, People v Peak,* 214 AD2d 1012, 1013, *lv denied* 86 NY2d 800).

The court did not abuse its discretion in denying defendant's request for a *Frye* hearing (*see, Frye v United States,* 293 F 1013) on the admissibility of evidence of blood spatter interpretation. Such evidence has long been deemed reliable (*see, e.g., People v Murray,* 147 AD2d 925, *lv denied* 73 NY2d 1019; *People v Comfort,* 113 AD2d 420, 428, *lv denied* 67 NY2d 760).

Contrary to defendant's contention, the court did not abuse its discretion in determining that the probative value of an autopsy photograph used by the witness to explain her conclusion that the fatal wound was a "contact wound" outweighed any prejudicial effect on the jury (*see, People v Stevens,* 76 NY2d 833, 835; *People v Delancy,* 254 AD2d 815, *lv denied* 92 NY2d 1048). Furthermore, because defendant raised the defense of justification, contending that he believed the victim was a burglar, the court properly admitted in evidence the video tape of a convenience store that showed the victim with defendant shortly before the murder. Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.