■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORREST WHITAKER, Appellant. [734 NYS2d 149] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered January 10, 2000, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 18 years, unanimously affirmed.

The court properly exercised its discretion in admitting the testimony of a blood spatter analysis expert. The expert clearly testified that his analysis was not based solely on common sense, but also included professional or technical knowledge beyond the knowledge of the typical juror (see, People v Miller, 91 NY2d 372, 379-380; People v Taylor, 75 NY2d 277, 288; see also, Grinstead v State, 684 NE2d 482, 486-487 [Ind 1997]). Although defendant contends that the court erred in admitting such testimony because blood spatter analysis has not gained general acceptance in the scientific community, the procedures involved in such analysis do not involve novel scientific techniques, and, therefore, there was no issue as to the validity of the techniques utilized and no Frye hearing (Frye v United States, 293 F 1013) was necessary (see, People v Abdul, 244 AD2d 237, lv denied 91 NY2d 939, cert denied 525 US 880; see also, People v Clark, 5 Cal 4th 950, 1017-1020, 857 P2d 1099, 1141-1143, cert denied 512 US 1253; People v Haywood, 209 Mich App 217, 221-225, 530 NW2d 497, 500-501, lv denied 450 Mich 931, 543 NW2d 317). Moreover, we agree with the conclusion reached by the Fourth Department and courts of other jurisdictions that blood spatter evidence is scientifically reliable (People v Barnes, 267 AD2d 1020, lv denied 95 NY2d 832; People v Haywood, supra). Defendant's remaining challenges to this evidence go to its weight, not its admissibility (see, People v Miller, 91 NY2d 372, 379-380, supra).

Defendant failed to preserve his contentions that the prosecutor violated the court's Molineux ruling during cross-examination and summation and we decline to review them in the interest of justice. Were we to review these claims, we would find that the cross-examination and summation properly responded to issues raised by defendant (see, People v Donaldson, 249 AD2d 109, lv denied 92 NY2d 896). The record establishes that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714), and counsel's failure to object to the prosecutor's appropriate cross-examination and summation did not constitute ineffective

assistance. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.