■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DELOSH, Appellant. [770 NYS2d 141]—

Peters, J. Appeal from a judgment of the County Court of

Franklin County (Main, Jr., J.), rendered November 13, 2000, upon a verdict convicting defendant of the crimes of murder in the first degree (two counts), murder in the second degree, attempted murder in the first degree, attempted murder in the second degree and burglary in the first degree.

On August 10, 1999, defendant, accompanied by Steven Trimm, drove to the home of Carmine Zerella (hereinafter Carmine) to confront Tony Russell, the boyfriend of Carmine's daughter, Diana Zerella (hereinafter Diana), about a report that he believed was initiated by Russell charging defendant with welfare fraud. Upon arrival, Trimm was left outside while defendant went into the residence to speak with Diana. Afterwards, Diana locked the door and telephoned Russell at work, expressing concern and fear that defendant was going to harm her.

At about the same time, Carmine pulled into the driveway and was attacked by defendant. When Carmine managed to lock himself in his car, defendant ordered Trimm to break the car window with a lug wrench. Defendant returned to the house, forcibly opened the front door and began to punch and choke Diana until, according to Trimm, he believed that she was dead. Trimm testified that defendant dragged Carmine from his car, took the lug wrench from him and beat Carmine. Defendant testified that he did not use the lug wrench on Carmine, but did drive over Carmine's body when he fled. Carmine was found dead at the scene.

Defendant appeals the jury verdict convicting him of two counts of murder in the first degree, murder in the second degree, attempted murder in both the first and second degrees, and burglary in the first degree. Addressing first his challenge to the sufficiency of the evidence and viewing such evidence, as we must, in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find "a valid line of reasoning and permissible inferences which would lead a rational person to the conclusion reached by [the] jury on the basis of the evidence presented, . . . [evidence] which satisfies the proof and burden requirements for every element of the crimes charged" (*People v Lee*, 303 AD2d 839, 840-841 [2003], *lv denied* 100 NY2d 622 [2003]; *see People v Bleakley*, 69 NY2d 490, 495 [1987]). In so finding, we have reviewed the documentary evidence and the testimony of the numerous witnesses offered by the prosecution which included Trimm, investigating police authorities and forensic experts.

Diana's testimony, coupled with photographic evidence, medical testimony and the testimony of a forensic pathologist

confirming that the physical evidence comported with Diana's description of being choked and strangled, was sufficient to support the jury's verdict convicting defendant of the crimes committed against her. Trimm's testimony, coupled with forensic evidence and the testimony of other fact-based witnesses, was sufficient to support the verdict concerning the balance of the charges; defendant's testimony pointing to Trimm, rather than himself, as responsible for Carmine's death presented a credibility issue for the jury to resolve.

We recognize that forensic evidence that Carmine's hair was found on a wheel of defendant's car was consistent with defendant's version of the events. However, viewing all the evidence presented in a neutral light, we do not find that the verdict was against the weight of the evidence (*see People v Love*, 307 AD2d 528 [2003]).

Defendant's additional ascriptions of error concerning the prosecutor's conduct at trial, County Court's evidentiary rulings, and the instructions given to the jury are unpreserved (*see People v Ryan*, 240 AD2d 775 [1997], *lv denied* 90 NY2d 910 [1997]). Were we to address defendant's challenge to his cross-examination, we would find the prosecutor's conduct was neither "so pervasive [n]or profound [so] as to have rendered the trial unfair" (*People v Pierce*, 266 AD2d 721, 722 [1999], *lv denied* 94 NY2d 951 [2000]). Nor would we have found merit in the claim of prosecutorial bolstering of witnesses. Other than one occasion where defendant objected and County Court sustained the objection, no objections were made to any of the questioning, and defendant failed to demonstrate that such questioning caused him substantial prejudice (*see People v Parker*, 305 AD2d 858, 859 [2003]). Since the sole purpose of admitting the now challenged photographs of decedent was to illustrate the forensic biologist's testimony and not to arouse the emotions of the jury or prejudice defendant (*see People v Wood*, 79 NY2d 958, 960 [1992]; *People v Mastropietro*, 232 AD2d 725, 726 [1996], *lv denied* 89 NY2d 1038 [1997]), we would not find error. Further, with the admissibility and scope of expert testimony left to the discretion of the trial court, and in light of our prior determination that blood stain pattern analysis is a proper subject of expert testimony (*see People v Eckhardt*, 305 AD2d 860, 864 [2003], *lv denied* 100 NY2d 620 [2003]), we would have found no error in the admission of such testimony.

The People's closing remarks, which are now challenged as inflammatory, were also not preserved for our review. Counsel did not object to these comments, did not request curative instructions and failed to move for a mistrial (*see People v Car-*

ter, 227 AD2d 661, 663 [1996], *lv denied* 88 NY2d 1067 [1996]). In any event, viewed in light of Diana's testimony, they were proper. With no discernable error in the jury instructions given and the failure to object or request alternatives (*see People v Merritt*, 265 AD2d 733, 734 [1999], *lv denied* 94 NY2d 826 [1999]), our review is concluded.

Mercure, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.