■ PHILLIP GAYLE et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [775 NYS2d 2]—

Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered May 2, 2002, which denied defendant's motion for a new trial premised on Judiciary Law § 21, and order, same court and Justice, entered June 17, 2002, which, to the extent appealed from as limited by the brief, granted defendant's motion to set aside the verdict as against the weight of the evidence only insofar as to order a new trial unless plaintiffs stipulated to reduce plaintiff Phillip Gayle's past pain and suffering award from $1.5 million to $750,000 and his future pain and suffering award from $1 million to $500,000, and to reduce plaintiff Carmen Gayle's award for past loss of services from $100,000 to $25,000 and her award for future loss of services from $25,000 to $10,000, and order, same court and Justice, entered February 21, 2003, which, to the extent appealable, denied renewal of defendant's motion based on Judiciary Law § 21, unanimously affirmed, without costs.

Defendant, citing Judiciary Law § 21, argues categorically that, whenever a matter is tried to conclusion and the trial judge becomes unavailable to adjudicate a posttrial CPLR 4404 motion, as occurred here, there must be a new trial. We, however, decline to apply Judiciary Law § 21 in so rigid a fashion and find that, under all of the circumstances presented, the

perspective of the trial judge was not essential to the proper evaluation of defendant's contentions for posttrial relief. We note in particular that the propriety of the motion court's rejection of defendant's request for a new trial based on the unsworn hearsay assertion that plaintiff wife had accused her estranged husband of perjury, could not in any practically significant way have been diminished by the circumstance that the motion court had not presided at the trial. Defendant simply failed to carry its burden on the motion to adduce evidence proving the falsity or likely falsity of plaintiff's testimony (*cf. McCarthy v Port of N.Y. Auth.*, 21 AD2d 125 [1964]).

Defendant's factual disagreement with plaintiff's medical causation theory did not warrant a hearing under *Frye v United States* (293 F 1013 [1923]), since no scientific technique or novel application of science was at issue (*see e.g. People v Abdul*, 244 AD2d 237 [1997], *lv denied* 91 NY2d 939 [1998], *cert denied* 525 US 880 [1998]). Defendant's *Frye* objection during the testimony of plaintiff's medical experts was properly rejected, since there were relevant examples and data accompanying the experts' opinions (*cf. Selig v Pfizer, Inc.*, 290 AD2d 319, 320 [2002], *lv denied* 98 NY2d 603 [2002]). It was the jury's prerogative to resolve the conflicting testimony from the medical causation experts as it did (*see Seay v Greenidge*, 292 AD2d 173 [2002]).

The verdict that plaintiff was not negligent is supported by a fair interpretation of the evidence (*see Strauss v New York City Tr. Auth.*, 294 AD2d 173 [2002]). The awards, as reduced, do not deviate materially from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]; *see also Bright v New York City Tr. Auth.*, 287 AD2d 402 [2001]). In light of defendant's failure to include a copy of the pretrial order that it asserts established that a witness statement was work product, and of the circumstance that the statement was received in evidence at trial after a sidebar conference off the record, after which defense counsel made no specific objection on the record, the propriety of the statement's receipt is not preserved for our review and we decline to reach it.

We have considered defendant's remaining points and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.