██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v H. DREW JACKSON, Appellant. [954 NYS2d 472]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Crecca, J.), rendered January 29, 2009, convicting him of assault in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree and criminal contempt in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the testimony of the People's expert concerning bloodstain pattern analysis impermissibly bolstered the testimony of the complaining witnesses is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see generally People v Ocampo*, 52 AD3d 741, 742 [2008]). The defendant's contention that expert testimony regarding bloodstain pattern analysis was improper because it addressed matters which were not beyond the ken of the jury is unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, is without merit (*see People v Pike*, 63 AD3d 1692, 1694 [2009]; *People v Delosh*, 2 AD3d 1047, 1049 [2003]; *People v Whitaker*, 289 AD2d 84 [2001]; *People v Barnes*, 267 AD2d 1020, 1021 [1999]). The defendant's contention that the expert improperly testified as to matters and conclusions which were not contained in his report is without merit (*see* CPL 240.20 [1] [c]).

Contrary to the defendant's contention, the prosecutor properly questioned him during his cross-examination regarding alleged prior bad acts since the defendant opened the door to this line of questioning during his direct examination (*see e.g. People v Pinto*, 56 AD3d 494, 495 [2008]; *People v Rios*, 166 AD2d 616, 618 [1990]).

The defendant's challenges to various remarks made by the prosecutor during her summation are unpreserved for appellate

review (*see* CPL 470.05 [2]). In any event, the challenged remarks were fair response to arguments and issues raised on summation by the defense, and fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]). Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.