Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Crecca, J.), rendered January 29, 2009, convicting him of assault in the second degree and criminal contempt in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of assault in the second degree and criminal contempt in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the testimony of the People’s expert concerning bloodstain pattern analysis impermissibly bolstered the testimony of the complaining witnesses is unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, is without merit (see generally People v Ocampo, 52 AD3d 741, 742 [2008]). The defendant’s contention that expert testimony regarding bloodstain pattern analysis was improper because it addressed matters which were not beyond the ken of the jury is unpreserved for appellate review (see CPL 470.05 [2]), and, in any event, is without merit (see People v Pike, 63 AD3d 1692, 1694 [2009]; People v Delosh, 2 AD3d 1047, 1049 [2003]; People v Whitaker, 289 AD2d 84 [2001]; People v Barnes, 267 AD2d 1020, 1021 [1999]). The defendant’s contention that the expert improperly testified as to matters and conclusions which were not contained in his report is without merit (see CPL 240.20 [1] [c]).
Contrary to the defendant’s contention, the prosecutor properly questioned him during his cross-examination regarding alleged prior bad acts since the defendant opened the door to this line of questioning during his direct examination (see e.g. People v Pinto, 56 AD3d 494, 495 [2008]; People v Rios, 166 AD2d 616, 618 [1990]).
The defendant’s challenges to various remarks made by the prosecutor during her summation are unpreserved for appellate *1019 review (see CPL 470.05 [2]). In any event, the challenged remarks were fair response to arguments and issues raised on summation by the defense, and fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110 [1976]). Angiolillo, J.E, Sgroi, Cohen and Miller, JJ., concur.