| Cadigan v Liberty Helicopters, Inc. |
| :---: |
| 2024 NY Slip Op 31871(U) |
| May 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152286/2018 |
| Judge: James E. d'Auguste |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     Hon. James d'Auguste             PART 55

*Justice*

-----------------------------------------------------------------------X

JERRY CADIGAN, NANCY CATON CADIGAN,

INDEX NO.          152286/2018

Plaintiffs,

MOTION DATE          04/26/2024,
                     05/13/2024

- v -

MOTION SEQ. NO.          033 056

LIBERTY HELICOPTERS, INC.,A NEW YORK
CORPORATION, NY ON AIR LIMITED LIABILITY
COMPANY, A NEW JERSEY LIMITED LIABILITY
COMPANY, FLYNYON LLC,A DELAWARE LIMITED
LIABILITY COMPANY, MERIDIAN CONSULTING I
CORPORATION, INC.,A DELAWARE CORPORATION,
RICHARD ZEMKE VANCE, A CONNECTICUT RESIDENT,
AIRBUS HELICOPTERS, S.A.S., A FRENCH
CORPORATION, AIRBUS HELICOPTERS, INC.,A
DELAWARE CORPORATION, APICAL INDUSTRIES, INC.
D/B/A DART AEROSPACE

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 033) 1227, 1228, 1229, 1230, 1231, 1330, 1331

were read on this motion to/for               HEARING               .

The following e-filed documents, listed by NYSCEF document number (Motion 056) 1164, 1165, 1166, 1167, 1168, 1169, 1170, 1171, 1172, 1286, 1287, 1288, 1289, 1290, 1291, 1292, 1293, 1294, 1635, 1636

were read on this motion to/for               PRECLUDE               .

Motion Sequences 033 and 056 are consolidated for disposition.

In Motion Sequence 033, defendants NYONAIR LLC and FlyNYON LLC (collectively

"NYON") move *in limine* for an order granting a *Frye* hearing to evaluate the admissibility of

plaintiffs' experts Kenneth T. Betz, MBA, MA, Kristin Kucsma, M.A, William D. Carden, M.S.,

P.E, Richard McSwain, Ph.D, P.E., Arthur Lee Coffman, Rodney Doss, Bart Feder, Colonel

William S. Lawrence, Robert Pitchford, and Dr. Michael Taber; defendant Liberty Helicopters

Inc's ("Liberty") experts Douglas Stimpson and Michael C. Hurst; and defendant Apical

152286/2018  CADIGAN, JERRY vs. LIBERTY HELICOPTERS, INC.
Motion No.  033 056

Page 1 of 5

Industries, Inc.'s ("DART") expert Matthew Robinson, ATP, CFII. Plaintiffs, Liberty, and DART oppose the motion. In Motion Sequence 056, DART moves *in limine* to exclude expert testimony of plaintiffs' experts Donald E. Sommer, P.E. and Richard Wartman, P.E.; NYON's experts Chason Coelho, Ph.D., CSP, CFI, C. Dennis Moore, Ph.D., P.E., Gregory A. Feith, Richard A. Lee, and Scott A. Shappell, Ph.D.; Liberty's experts Douglas E. Stimpson, John E. Meyer, Ph.D, P.E., Kirk A. Gustafson, Tom Yakubovich, and Erin Egan. In alternative, DART moves for a *Frye* hearing. Plaintiffs, NYON, and Liberty oppose the motion. Upon the foregoing documents and following oral arguments on May 14, 2024 and May 15, 2024, Motion Sequences 033 and 056 are granted to the limited extent set forth below and otherwise denied.

The Court may order a *Frye* hearing when a scientific technique or novel application of science is at issue; a *Frye* hearing is inappropriate when an adversary only has factual disagreements with an expert's theory. *See* Gayle v Port Auth. of New York and New Jersey, 6 AD3d 183, 184 [1st Dept 2004]; *see also* Johnson v Guthrie Med. Group, P.C., 125 AD3d 1445, 1447 [4th Dept 2015]. A "*Frye* inquiry is separate and distinct from the admissibility question applied to all evidence—whether there is a proper foundation—to determine whether the accepted methods were appropriately employed in a particular case." Parker v Mobil Oil Corp., 7 NY3d 434, 447 [2006] (citing People v Wesley, 83 NY2d 417, 429 [1994]). NYON's and DART's arguments in support of their motions for a *Frye* hearing do not challenge scientific techniques or novel applications of science; instead, their arguments preview their cross examination of these expert witnesses.

NYON challenges the admissibility of plaintiffs' experts Kenneth T. Betz, MBA, MA, Kristin Kucsma, M.A, William D. Carden, M.S., P.E, Richard McSwain, Ph.D, P.E., Arthur Lee Coffman, Rodney Doss, Bart Feder, Colonel William S. Lawrence, Robert Pitchford, and Dr.

**152286/2018   CADIGAN, JERRY vs. LIBERTY HELICOPTERS, INC.**
**Motion No. 033 056**

**Page 2 of 5**

2 of 5

Michael Taber. NYON does not challenge Betz's and Kucsma's qualifications as economists. Instead, NYON challenges their conclusions, failing to meet the threshold to exclude the experts or order a *Frye* hearing. Plaintiffs stated during oral arguments that they do not intend to call Carden or McSwain. NYON disagrees with Coffman's opinions and believes his testimony will function as a recitation of undisputed facts. His expert qualifications are not disputed. Plaintiffs clarify that Coffman is expected to testify regarding his opinions of, *inter alia*, the adequacy of Liberty's and NYON's safety procedures and egress training. Therefore, Coffman's testimony does not warrant exclusion. Rodney Doss is expected to testify regarding matters of aircraft certification, airworthiness, and regulations, and NYON is seeking to evaluate his methodology and factual foundation. NYON's challenge of Doss is not the basis of a *Frye* hearing or exclusion, but rather may be addressed through cross-examination at trial. NYON does not challenge scientific techniques or novel applications of science in Feder's anticipated testimony; rather, NYON disputes the foundation of Feder's anticipated conclusions. NYON may challenge Feder's testimony through cross-examination. NYON challenges Colonel William Lawrence based on NYON's position of contested facts, which does not warrant granting exclusion or ordering a *Frye* hearing. *See* Casalini v Alexander Wolf & Son, 157 AD3d 528, 530 [1st Dept 2018] [showing that issues of material fact cannot be the basis of granting a motion *in limine* because motions *in limine* are not appropriate to receive summary relief]. Robert Pitchford has substantial experience as an underwater egress instructor, and therefore exclusion or a *Frye* hearing is not appropriate. NYON is challenging Michael Taber's opinions as speculative and lacking foundation, and therefore the basis of cross examination rather than exclusion or a *Frye* hearing.

**152286/2018   CADIGAN, JERRY vs. LIBERTY HELICOPTERS, INC.**
**Motion No.  033 056**                                                          **Page 3 of 5**

3 of 5

[* 3]

The branch of the motion is granted as to Liberty's expert Michael C. Hurst to the extent of requiring Liberty to serve a supplemental CPLR 3101(d) notice with more specificity as to the scope of Hurst's anticipated testimony. Stimpson previously filed an affidavit in connection with the motions for summary judgment in this action; therefore, the other parties have received reasonable notice of Stimpson's expert testimony. The branch of the motion for a *Frye* hearing for Liberty's experts is denied; NYON has not articulated any novel or experimental methodology that Robinson is expected to use that would warrant a *Frye* hearing.

The branch of NYON's motion seeking to a *Frye* hearing to evaluate the testimony of DART's witness Matthew Robinson, ATP, CFII is denied. NYON has not identified any novel or experimental methodology that Robinson is expected to use that would warrant a *Frye* hearing; like their challenge of other experts, NYON's arguments in support of this branch of the motion are more appropriate as cross-examination. Furthermore, the Court finds that DART's supplemental CPLR 3101(d) disclosure (NYSCEF Doc. No. 1008) is sufficient.

DART's motion *in limine* (Motion Sequence 056) to exclude expert testimony of plaintiffs' experts Donald E. Sommer, P.E. and Richard Wartman, P.E. or require a *Frye* hearing is denied. DART does not provide the proper basis for a *Frye* hearing; like NYON's arguments, DART's arguments in support of their motion challenge foundation and weight of the experts' anticipated testimony. The Court finds that plaintiffs' CPLR 3101(d) disclosures for Sommer and Wartman are sufficient.

DART seeks to exclude NYON's experts Chason Coelho, Ph.D., CSP, CFI, C. Dennis Moore, Ph.D., P.E., Gregory A. Feith, Richard A. Lee, and Scott A. Shappell, Ph.D. or, alternatively, order a *Frye* hearine. Reviewing Coehlo's affidavit (NYSCEF Doc. No 1324), Moore's affidavit (NYSCEF Doc. No. 1327), Feith's affidavit (NYSCEF Doc. No 1325), and

152286/2018  CADIGAN, JERRY vs. LIBERTY HELICOPTERS, INC.
Motion No.  033 056

Page 4 of 5

4 of 5

Shappell's affidavit (NYSCEF Doc. No. 1328), the Court finds the disclosures to be sufficient.

Therefore, the Court is denying the branch of DART's motion seeking to exclude NYON's

experts or order a *Frye* hearing.

The branch of DART's motion *in limine* as to Liberty's experts is granted to the extent of

requiring Liberty to supplement the CPLR 3101(d) disclosures for John E. Meyer, Ph.D, P.E.,

Tom Yakubovich, and Erin Egan. Kirk A. Gustafson filed an affidavit in connection with the

motions for summary judgment; as with Douglas Stimpson (addressed as part of NYON's

motion), the other parties have received reasonable notice of Gustafson's expert testimony.

Any of movants' remaining claims regarding cumulative or duplicative testimony is

denied without prejudice to address such objections during trial.

Accordingly, it is hereby

ORDERED that Liberty shall serve supplemental CPLR 3101(d) disclosures for Michael

C. Hurst, John E. Meyer, Ph.D, P.E., Tom Yakubovich, and Erin Egan within seven days of this

order, and it is further,

ORDERED that the remaining branches of Motion Sequence 033 and 056 are denied.

This constitutes the decision and order of the Court.

| 5/31/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | James d'Auguste, J.S.C. | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | X OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**152286/2018  CADIGAN, JERRY vs. LIBERTY HELICOPTERS, INC.**
**Motion No.  033 056**

Page 5 of 5

5 of 5