■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW KEARNEY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Aronin, J.), rendered June 21, 1979, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts upon which the judgment is based. In our opinion, the trial court erred in permitting the prosecutor to impeach his own witness (a police officer), in purported compliance with CPL 60.35 (subd 1), by the introduction into evidence of a copy of a complaint report prepared by the witness shortly after the defendant's arrest. Assuming, *arguendo,* that the witness' testimony at trial tended to disprove the People's position on an issue material to its case, i.e., identification, the fact remains that the testimony in question was only adduced during the cross-examination of the witness and not during his direct examination. CPL 60.35 (subd 1) clearly provides that the introduction into evidence of a prior written or sworn statement for the purposes of impeachment shall only be permitted "[w]hen, upon examination *by the party who called him,* a witness in a criminal proceeding gives testimony upon a material issue of the case which tends to disprove the position of such party" (emphasis supplied). Accordingly, the admission of the written statement in the case at bar was not authorized by the statute and was, in fact, at variance with its literal command (see *People v Fuller,* 50 NY2d 628, 638). Moreover, the error may not be regarded as harmless under the facts of the instant case, as the officer's description of the defendant's attire during cross-examination tended to draw into question the accuracy of the identification testimony of the People's only eyewitness. Damiani, J. P., Gulotta, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LEICHT-WEISS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered August 8, 1978, convicting him of possession of burglar's tools, upon a plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with defendant's assigned counsel that there are no meritorious grounds which would be raised on this appeal (see *Anders v California,* 386 US 738; cf. *People v Gonzalez,* 47 NY2d 606). Counsel's application for leave to withdraw is granted. Titone, J. P., Lazer, Brown and Niehoff, JJ., concur.