■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cooperman, J.), rendered June 17, 1982, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Prior to the trial, a prospective People's witness informed the prosecutor that he had received threats and would not testify truthfully. However, on the day of the trial he informed the prosecutor, just prior to entering the courtroom, that he would testify truthfully. The witness then proceeded to testify in a manner affirmatively damaging to the People's case and in contradiction to his prior sworn testimony and statements. The court declared the witness hostile, and the prosecutor proceeded to impeach him pursuant to CPL 60.35. The defendant argues that the prosecutor did not meet the

"surprise" requirements of CPL 60.35 as construed in *People v Fitzpatrick* (40 NY2d 44, 53).

As recently noted by the Appellate Division, First Department, "CPL 60.35 includes no requirement that the party calling the witness be surprised by the testimony of the witness" *(People v De Jesus,* 101 AD2d 111, 114, *affd* 64 NY2d 1126). Nor does the holding in *People v Fitzpatrick (supra)* so require. In any event, the case at bar is distinguishable based upon the prosecutor's receiving a last-minute assurance by the prospective witness of an intent to testify truthfully.

The defendant also argues that the prosecutor acted improperly in putting unsworn statements of the witness before the jury which indicated that the defendant and his codefendant were contemplating a "homicide" or planning to "settle the argument". We agree that this was error. However, the error bears only on the element of intent which was overwhelmingly established at the trial by the testimony of three disinterested eyewitnesses. Thus, there is no significant probability that the jury would have acquitted the defendant had it not been for the errors which occurred *(see, People v Crimmins,* 36 NY2d 230, 242). Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.