■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MAGEE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered February 3, 1986, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to CPL 60.35 (1), when the People call a witness who gives testimony upon a material issue which "tends to disprove" the People's position at trial, they may then seek to introduce prior written signed statements and oral sworn statements by that party which contradict the trial testimony. The testimony which is sought to be impeached must "affirmatively damage" the People's position, and may not simply constitute a mere failure to recollect *(see, People v Saez,* 69 NY2d 802; *People v Fitzpatrick,* 40 NY2d 44, 51; *People v Dann,* 100 AD2d 909, 912; *People v Knatz,* 76 AD2d 889, 890). Further, the damaging testimony must be elicited during examination by the prosecutor, not during cross-examination *(People v Fuller,* 66 AD2d 27, 36, *affd* 50 NY2d 628; *People v Kearney,* 89 AD2d 860). In this case, Kevin Kenny, an eyewitness to the assault on the complainant, testified during redirect examination by the prosecutor that he did not observe the defendant at the crime scene. It is apparent that this testimony affirmatively damaged the People's position at trial and that Kenny's prior written, signed statement and Grand Jury testimony to the contrary was, therefore, properly admitted to impeach him *(see, People v Rudd,* 125 AD2d 422; *People v Davis,* 112 AD2d 722, 723). The trial court clearly and properly instructed the jury that these prior statements were to be considered by them for impeachment purposes only and not as direct proof of any facts *(see,* CPL 60.35 [2]; *cf., People v Romandette,* 111 AD2d 1040, 1041-1042).

The fact that the prosecutor was not surprised that Kenny denied seeing the defendant at the crime scene did not bar him from seeking to impeach Kenny *(see, People v De Jesus,* 101 AD2d 111, 114, *affd* 64 NY2d 1126; *People v Davis,* 118 AD2d 796, 797). There is no indication in this case that the

prosecutor called Kenny in "bad faith", simply hoping to use his presence to introduce prior statements which would not otherwise be admissible *(see, People v De Jesus, supra,* at 114). Kenny gave significant independent testimony which incriminated the defendant's brother and codefendant in this case.

The sentence imposed was not excessive in view of the seriousness of this crime and the defendant's substantial prior criminal history *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.