■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered October 16, 1985, convicting him of criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Dufficy, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress the hypodermic instrument.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's motion which was to suppress the hypodermic instrument. The court found a police officer's testimony to be "credible and candid", concluding that the arrest of the defendant was based on probable cause. On appeal, the defendant concedes that the testimony of the police officer, if accepted as true, would support a finding of probable cause *(People v McRay,* 51 NY2d 594, 604). The observations of the police officer were not shown to be "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" *(People v Stroman,* 83 AD2d 370, 373; *see, People v Gee,* 104 AD2d 561).

"[M]uch weight must be accorded the determination of the suppression court with its peculiar advantages of having seen and heard the witnesses" *(People v Prochilo,* 41 NY2d 759, 761). Unless the findings of the suppression court are "clearly erroneous" *(People v Armstead,* 98 AD2d 726), the suppression court's finding should not be rejected. This is so here despite

the fact that the jury later acquitted the defendant of criminal sale of a controlled substance in the third degree *(People v Witherspoon,* 115 AD2d 572, 573, *appeal dismissed* 68 NY2d 805).* Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.