■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. WATT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered June 10, 1987, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

At about 2:00 A.M. on July 30, 1984, the body of the defendant's estranged wife was found in the living room of her home. She had been bludgeoned with a fireplace poker, stabbed about 20 times with a carpenter's awl, and strangled.

At about 5:15 A.M. police detectives met the defendant at his place of employment. After being told that his wife's body had been discovered, he voluntarily accompanied the detectives to the police station. During the time he remained at the station house he said he wanted to cooperate fully with the police and denied any involvement in the crime. At one point, however, after being informed by a detective that his paramour was being interviewed, he stated: "[S]he's the only one who can hurt me". When asked to explain, the defendant said that:

"[I]f she says that I wasn't in bed at the time I was, then I have problems". The detective asked what Ms. Cannella would say, and the defendant replied "[H]opefully that I was in bed with her". The defendant subsequently left the police station, and remained free until November 7, 1985, when he was arrested on a Grand Jury indictment for his wife's murder.

The defendant moved to suppress the statement he made about his paramour on the ground that it was the product of a custodial interrogation *(see,* CPL 60.45). The hearing court properly denied suppression. At the time the statement was made the police were investigating the murder of the defendant's wife. The police detectives who saw the defendant at the police station testified that he did not ask to use the telephone or to speak to a lawyer, that he was not told that he was under arrest, and that he was not handcuffed. It is apparent from these facts that a reasonable person innocent of any crime, in the defendant's position, would not have considered himself to be in custody *(People v Yukl,* 25 NY2d 585, 589; *see also, People v Hicks,* 68 NY2d 234, 240). The hearing court's findings, which do not credit the defendant's testimony, should not be disturbed since they are supported by the record and not "clearly erroneous" *(People v Woods,* 141 AD2d 588, 589; *People v Davis,* 129 AD2d 648).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.