■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MERCADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered April 2, 1985, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Upon our review of the record, we find no basis upon which to disturb the determination of the hearing court that the defendant's statements were voluntarily made after an intentional and knowing waiver of his *Miranda* rights *(see, People v*

*Prochilo,* 41 NY2d 759; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Davis,* 129 AD2d 648).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the credible evidence (CPL 470.15 [5]).

Pursuant to CPL 60.35 (1), when the People call a witness who gives testimony at trial upon a material issue which tends to disprove the People's position at trial, they may introduce prior written signed statements or oral sworn testimony made by that party which contradict his trial testimony. The testimony sought to be impeached must affirmatively damage the People's position and must be elicited during direct examination rather than upon cross-examination *(see,* CPL 60.35 [1]; *People v Saez,* 69 NY2d 802; *People v Fitzpatrick,* 40 NY2d 44; *People v Comer,* 146 AD2d 794; *People v Huber,* 144 AD2d 583; *People v Magee,* 128 AD2d 811; *People v Morales,* 118 AD2d 663).

Immediately after the murder, an eyewitness, Martin Cubano, indicated in a signed statement that the shooter was "David", known to him from the neighborhood, and identified the defendant as David at the precinct. Cubano also told the Grand Jury that the defendant was the perpetrator. At trial, however, Cubano recanted and testified that the defendant was not the shooter he had observed. It is apparent that Cubano's trial testimony affirmatively damaged the People's case and we conclude that his prior written statement was properly admitted to impeach his credibility. The trial court properly instructed the jury that these prior statements were to be considered for impeachment purposes only and not as direct proof of any facts. As such, we find that this impeachment evidence was properly admitted.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and conclude that they are either unpreserved for appellate review or are without merit. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.