■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD BROOMFIELD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 7, 1989, convicting him of sexual abuse in the first degree (four counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the trial court erred in allowing the prosecutor to impeach her own witness through the use of the witness's prior sworn videotaped testimony before the Grand Jury and the witness's prior unsworn statements made to the Assistant District Attorney. Pursuant to CPL 60.35 (1), when the People call a witness who gives testimony upon a material issue which tends to disprove the People's position at trial, the People may then seek to introduce prior written and signed or sworn oral statements by that witness which contradict their trial testimony. The testimony which is sought to be impeached must affirmatively contradict and damage the People's position *(see, People v Fitzpatrick,* 40 NY2d 44, 51), and must be elicited during direct examination by the prosecutor *(see, People v Magee,* 128 AD2d 811). Further, there must be no evidence that the prosecutor has called the witness in bad faith, simply hoping to use his or her presence to introduce prior statements which would not otherwise be admissible *(see, People v Magee, supra; People v De Jesus,* 101 AD2d 111, 114, *affd* 64 NY2d 1126). In this case, an eight-year-old-child witness testified during the

People's direct examination that the defendant was not present at the crime scene. This was contrary to her prior testimony and affirmatively damaged the People's case (see, People v Magee, supra; People v Rudd, 125 AD2d 422). Therefore, the prior sworn videotaped testimony of the child witness was properly admitted to impeach her trial testimony. Further, the trial court clearly and properly instructed the jury that the prior, sworn videotaped statements were only to be used for impeachment purposes and not as direct evidence (see, CPL 60.35 [2]).

The trial court did err in allowing the prosecutor to question the child witness with respect to statements she had made in the Assistant District Attorney's office since those statements were neither written and signed nor made under oath (see, CPL 60.35 [1]; People v Vega, 108 AD2d 766). However, under the circumstances, this error does not require a reversal of the conviction (see, People v Fuller, 50 NY2d 628). These prior unsworn oral statements were no different in substance than the prior, sworn videotaped statements and were not specifically objected to until the following day when the videotape was to be viewed. The trial court, while not excluding the testimony, instructed the jury that these statements were only to be used for impeachment purposes and not as direct evidence. Thereafter, defense counsel made no further objection, requested no additional instructions, and did not move for a mistrial upon the conclusion of the Trial Judge's instructions (see, People v Jalah, 107 AD2d 762).

The defendant's other contentions have not been preserved for appellate review (see, CPL 470.05 [2]; People v Cardona, 136 AD2d 556), and we decline to review them in the exercise of our interest of justice jurisdiction. Brown, J. P., Lawrence, Kooper and O'Brien, JJ., concur.