■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELTON TROWER, Appellant.—Appeal by the defendant from two judgments of the County Court, Suffolk County (Weissman, J.), both rendered November 20, 1989, convicting him of burglary in the second degree (two counts) and unauthorized use of a motor vehicle in the third degree under Indictment No. 548/88, and criminal possession of stolen property in the fourth degree under Indictment No. 934/88, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the People were improperly permitted to impeach their own witness with his prior signed statements to the police and prior sworn testimony given at his plea allocution is not preserved for appellate review as a matter of law (see, CPL 470.05 [2]). In any event, there is no indication that the prosecutor called this witness in bad faith with a view towards introducing his otherwise inadmissible prior statements (see, People v Broomfield, 163 AD2d 403; People v Magee, 128 AD2d 811). The mere fact that the prosecutor was apparently not surprised by the witness's trial testimony will not support a finding of bad faith (see, People v De Jesus, 101 AD2d 111, 114, affd 64 NY2d 1126). Furthermore, the record demonstrates that the witness's trial testimony tended to affirmatively damage the People's case (see, People v Mercado, 162 AD2d 722). Finally, we note that the trial court clearly instructed the jury on more than one occasion that the witness's prior statements were only to be considered on the question of his credibility.

The defendant's assertion that he was denied the effective assistance of trial counsel is belied by the record, which demonstrates that the defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 147).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Mangano, P. J., Sullivan, Harwood and Pizzuto, JJ., concur.