■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WILSON, Appellant. [600 NYS2d 113] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered June 1, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), and giving it the benefit of every reasonable inference to be drawn therefrom *(see, People v Giuliano,* 65 NY2d 766, 767-768; *People v Way,* 59 NY2d 361, 365), we conclude that it was legally sufficient to establish the defendant's guilt of intentional murder. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The evidence established that the defendant shot the victim during a struggle. The People's main witness testified that the defendant and the victim were engaged in an altercation just prior to the shooting. The witness also testified that he heard gun shots and that he then saw the defendant run from the scene of the slaying carrying certain property which had belonged to the victim. Based on this testimony and the other evidence produced by the prosecution, the jury could properly infer that the defendant acted intentionally in inflicting the fatal wound *(see, People v Jackson,* 18 NY2d 516; *cf., People v Patterson,* 39 NY2d 288, *affd* 432 US 197).

However, we conclude that a new trial is warranted for several reasons. First, the prosecutor acted in bad faith in impeaching her own witness with his prior Grand Jury testimony. Further, the trial court erred in failing to instruct the jury, at the time that the testimony was heard, that it was to be used for impeachment purposes only *(see, People v Broomfield,* 163 AD2d 403; *People v Magee,* 128 AD2d 811; *People v De Jesus,* 101 AD2d 111, 114, *affd* 64 NY2d 1126).

The court also erred in admitting evidence of a photographic array. It may have been proper for the prosecutor to elicit from the witness testimony that he had previously identified the defendant from a photographic array, because the defendant had opened the door to such questioning on cross-examination *(see, People v Giallombardo,* 128 AD2d 547, 548; *People v Barnes,* 93 AD2d 864, 865). However, it was thereafter improper (1) to allow the witness to re-examine the photographic array in court and select a photograph therefrom, (2) to allow a police officer to identify that photograph as a photograph of the defendant, and (3) to allow the photographic array to be introduced into evidence at trial *(see, People v Jenkins,* 133 AD2d 279; *People v Trowbridge,* 305 NY 471).

It was also error for the court to allow the witness to testify, over objection and without issuing limiting instructions, that

he had lied at the suppression hearing because he had been threatened by another witness. While it is appropriate to elicit testimony concerning threats made to a witness when the purpose is to explain inconsistent statements brought out by defense counsel, when, as here, there is no evidence connecting the defendant to a threat, it is error to admit such testimony in the absence of an instruction from the court limiting the relevancy of the threat to the reasons why the witness made the allegedly false statement. In the absence of such an instruction, the jury is left free to speculate that the defendant was responsible for the alleged threats to the witness *(see, People v Rivera,* 160 AD2d 267, 271-272; *People v Leon,* 121 AD2d 1, 10). It was also error to allow the prosecutor to impeach the defendant's alibi witnesses as to the defendant's whereabouts a year after the shooting. Clearly, this was a collateral matter *(see,* Richardson, Evidence § 491 [Prince 10th ed]).

For the foregoing reasons, the judgment must be reversed and a new trial ordered. The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.