■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS ROSARIO, Appellant. [753 NYS2d 836] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 22, 1999, convicting defendant, after a jury trial, of robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 years, 25 years, and seven years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's arguments on this issue are similar to arguments rejected by this Court on a codefendant's appeal (*People v Padilla*, 291 AD2d 312, *lv denied* 98 NY2d 653) and there is no basis for reaching a different result herein.

Any error on the part of the court in permitting the People to rehabilitate their main witness with proof of a prior consistent statement to a prosecutor was harmless under the circumstances (*see People v Green*, 248 AD2d 129, *lv denied* 92 NY2d 898). Since the People could not establish that the alleged prior consistent statement was ever made, defendant made affirmative use, as additional impeachment material, of the witness's assertions in this regard.

The prosecutor's summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Nothing in the summation shifted the burden of proof, and, in any event, the court's curative instructions in this regard prevented any possibility of prejudice.

Viewed as a whole, the court's instructions properly conveyed the principles of acting in concert (*see* Penal Law § 20.00).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.