◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BETHEL JONES, Appellant. [811 NYS2d 702]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered August 14, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in permitting the People to impeach their own eyewitness with a prior inconsistent statement contained on an audiotape is unpreserved for appellate review because the ground urged by the defendant on appeal was not specifically raised in an objection made to the trial court (*see* CPL 470.05 [2]; *People v Solomon,* 16 AD3d 701, 702 [2005]; *People v Smith,* 294 AD2d 381 [2002]). In any event, the contention is without merit. In his pretrial audiotaped sworn statement, the eyewitness stated that he saw the defendant shoot the victim, while at trial, the eyewitness testified that he did not see who shot the victim and he did not observe the defendant at the scene when the shooting occurred. Thus, the eyewitness's trial testimony tended to disprove the People's case and affirmatively damaged the People's position. Accordingly, the People were properly permitted to employ the tape to impeach the eyewitness pursuant to CPL 60.35 (1) (*see People v Magee,* 128 AD2d 811 [1987]; *see also People v French,* 237 AD2d 944, 945 [1997]; *People v Busiello,* 234 AD2d 557 [1996]; *People v Broomfield,* 163 AD2d 403, 403-404 [1990]; *cf. People v Fitzpatrick,* 40 NY2d 44, 51 [1976]).

Also unpreserved for appellate review (*see People v Nuccie,* 57 NY2d 818, 819-820 [1982]; *People v Pettus,* 22 AD3d 869 [2005]; *People v Francis,* 137 AD2d 553 [1988]) is the defendant's contention that the trial court failed to provide a timely or sufficiently specific instruction to the jury that it was to consider the tape only for purposes of impeachment, and not as evidence-in-chief (*see* CPL 60.35 [2]). In any event, the court's instruction in this regard was adequate (*see People v Andujar,* 290 AD2d 654, 657 [2002]; *People v Bass,* 255 AD2d 689 [1998]; *People v Broomfield, supra* at 404).

The defendant was not deprived of the effective assistance of

counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *see also People v Taylor,* 1 NY3d 174 [2003]; *People v Ellis,* 81 NY2d 854 [1993]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The defendants' remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review, and we decline to review them in the exercise of our interest of justice jurisdiction. Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.