■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN THOMAS, Appellant. [882 NYS2d 693]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered September 15, 2003, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in permitting the People to impeach their own witness with the minutes of his sworn plea allocution is without merit. The defendant was charged with assault in the second degree (Penal

Law § 120.05 [3]), which required the People to prove that he caused physical injury to a peace officer with the intent to keep the officer from performing a lawful duty. Here, inasmuch as the witness's trial testimony tended to affirmatively disprove that the peace officer was performing a lawful duty, and thus that the defendant's conduct was performed with the requisite intent, the court properly permitted the use of the plea allocution to impeach the witness on this point (*see* CPL 60.35 [1]; *People v Jones,* 25 AD3d 724, 725 [2006]; *People v Murray,* 17 AD3d 1042, 1043 [2005]; *cf. People v Lawrence,* 227 AD2d 893, 894 [1996]). Any error with respect to the People's impeachment of that witness other than with the witness's sworn plea allocution was harmless in light of the overwhelming evidence of the defendant's guilt and the absence of any significant probability that the verdict would have been different absent the error (*see People v Crimmins,* 36 NY2d 230, 242 [1975]; *People v Shuler,* 238 AD2d 528, 529 [1997]).

The defendant's contention that the court erred in its instructions to the jury is unpreserved for appellate review and, in any event, is without merit (*see* CPL 470.05 [2]; *People v Rivera,* 84 NY2d 766, 769 [1995]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.