◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR GUEVARA, Appellant. [948 NYS2d 70]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered May 17, 2010, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence relating to the defendant's gang affiliation and the expert testimony regarding the customs, practices, and rivalries of certain gangs, was probative of the defendant's motive and provided a necessary background to explain to the jury the relationship between the defendant and the complainant (*see People v Devers*, 82 AD3d 1261, 1262-1263 [2011]; *People v Flores*, 46 AD3d 570, 571 [2007]; *People v Cruz*, 46 AD3d 567, 568 [2007]; *People v Oliver*, 19 AD3d 512, 512-513 [2005]; *People v Cain*, 16 AD3d 288, 288-289 [2005]; *People v Wilson*, 14 AD3d 463, 463 [2005]; *People v Filipe*, 7 AD3d 539, 540 [2004]; *People v Edwards*, 295 AD2d 270, 271 [2002]; *People v Newby*, 291

AD2d 460, 460 [2002]). Since the probative value of this evidence outweighed any prejudice to the defendant, the Supreme Court providently exercised its discretion in permitting the People to adduce such evidence (*see People v Flores*, 46 AD3d at 571; *People v Filipe*, 7 AD3d 539 [2004]; *People v Newby*, 291 AD2d at 460).

The defendant contends that the Supreme Court erred in allowing the People to impeach their own witness, the complainant, through the use of his grand jury testimony because the complainant's testimony during direct examination at trial did not affirmatively contradict or damage the People's position. This contention, however, is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, contrary to the defendant's contention, the complainant's testimony during direct examination did affirmatively damage the People's case (*see* CPL 60.35 [1]; *People v Mercado*, 162 AD2d 722, 723 [1990]). Further, the court properly instructed the jurors that the prior statement was to be considered by them for impeachment purposes only, and not as direct evidence (*see* CPL 60.35; *People v Trower*, 183 AD2d 928, 928 [1992]; *People v Broomfield*, 163 AD2d 403, 404 [1990]; *People v Magee*, 128 AD2d 811, 811 [1987]).

The defendant's challenge to the prosecutor's allegedly improper summation comments is unpreserved for appellate review, since the defendant failed to raise any objection to the challenged comments at trial (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v James*, 72 AD3d 844, 845 [2010]; *People v Wilson*, 71 AD3d 799, 800 [2010]). In any event, we disagree with the defendant's contention that the prosecutor's comments amounted to telling the jury that the complainant's prior testimony before the grand jury could be used as evidence in chief. Indeed, the prosecutor reminded the jury that he was "allowed to introduce [the complainant's] testimony with respect to his credibility." Moreover, contrary to the defendant's contention, the prosecutor did not shift the burden of proof in his summation and the Supreme Court correctly conveyed the burden of proof requirements to the jury (*see People v Goris*, 37 AD3d 204, 205-206 [2007]; *People v Rosario*, 302 AD2d 266 [2003]; *People v Ferrer*, 245 AD2d 569, 570 [1997]; *People v McCray*, 167 AD2d 304, 305 [1990]).

Finally, the defendant's claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a " 'mixed claim' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n

2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). Here, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.