Appeal by the defendant from a judgment of the Supreme Court, Queens County (McCann, J.), rendered October 14, 2010, convicting him of predatory sexual assault (four counts), burglary in the first degree (two counts), robbery in the first degree (two counts), and unlawful imprisonment in the first degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contentions regarding the People’s use of oral, written, and videotaped statements to impeach their own witness pursuant to CPL 60.35 are unpreserved for appellate review (see CPL 470.05 [2]; People v Clark, 37 AD3d 487, 488 [2007]; People v Jones, 25 AD3d 724, 725 [2006]). In any event, the trial court did not improvidently exercise its discretion in permitting the People to impeach the witness with the minutes of his sworn plea allocution (see CPL 60.35 [1]; People v Thomas, 64 AD3d 798, 798-799 [2009]; People v Jones, 25 AD3d at 725; People v De Jesus, 101 AD2d 111, 112-115 [1984], affd 64 NY2d 1126 [1985]). Moreover, any error with respect to the People’s impeachment of that witness other than with the witness’s sworn plea allocution was harmless in light of the overwhelming evidence of the defendant’s guilt and the absence of any significant probability that the verdict would have been different without the error (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Thomas, 64 AD3d at 799; People v Spurgeon, 63 AD3d 863, 864 [2009]).
The New York Constitution “ ‘guarantees the accused a fair trial, not necessarily a perfect one’ ” (People v Turner, 5 NY3d 476, 480 [2005], quoting People v Benevento, 91 NY2d 708, 712 [1998]). Since the record demonstrated that, viewed in its totality, counsel’s performance on behalf of the defendant constituted meaningful representation, the defendant was not deprived of the effective assistance of counsel under the New York Constitution (see People v Turner, 5 NY3d at 480; People v Baldi, 54 NY2d 137, 147 [1981]). Furthermore, because the record also establishes that counsel’s representation did not fall “ ‘below an objective standard of reasonableness’ ” or that “ ‘there is a reasonable probability that, but for counsel’s [claimed] unprofessional errors, the result of the proceeding would have been different,’ ” the defendant was not deprived of *888 the effective assistance of counsel under the United States Constitution (People v Georgiou, 38 AD3d 155, 160 [2007], quoting Strickland v Washington, 466 US 668, 688, 694 [1984]; see People v Caban, 5 NY3d 143, 155 [2005]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.