■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN SIMPSON, Appellant. [991 NYS2d 348]—Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered June 22, 2012, convicting him of assault in the second degree (two counts), criminal mischief in the fourth degree, obstructing governmental administration in the second degree, reckless endangerment in the second degree, false personation, reckless driving, aggravated unlicensed operation of a motor vehicle in the second degree, unlawfully operating or driving a motor vehicle on a public highway, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish "physical injury" (Penal Law § 10.00 [9]) to support his convictions of assault in the second degree is unpreserved for appellate review as to the count pertaining to Police Officer Cynthia Woods (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the requisite physical injury to prove both of his convictions of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's argument that the injuries sustained by the police officers in their pursuit of him were not caused by his flight. " '[W]here a defendant's flight naturally induces a police officer to engage in pursuit, and the officer is killed [or injured] in the course of that pursuit, the causation element of the crime will be satisfied' " (*People v Cipollina*, 94 AD3d 1549, 1550 [2012], quoting *People v Carncross*, 14 NY3d 319, 325 [2010]).

Moreover, the Supreme Court properly permitted the People to impeach one of their own witnesses with her grand jury testimony because her testimony during direct examination at trial affirmatively damaged the People's case (*see* CPL 60.35 [1]; *People v Guevara*, 96 AD3d 781, 782 [2012]; *People v Broomfield*, 163 AD2d 403, 403-404 [1990]; *People v Mercado*, 162 AD2d 722, 723 [1990]). Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.