People v Ogilvie (2021 NY Slip Op 04765)





People v Ogilvie


2021 NY Slip Op 04765


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-07259
 (Ind. No. 1136/17)

[*1]The People of the State of New York, respondent,
v
Joseph Ogilvie, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (George E. Fufidio, Jr., J.), rendered May 14, 2019, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant and Tremaine Gordon (hereinafter the codefendant) were arrested in connection with a stabbing outside a strip club. Following a joint trial, the defendant and the codefendant were convicted of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree.
The defendant's challenge to the legal sufficiency of the evidence is largely unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the County Court properly permitted two police witnesses to testify that the defendant was the person depicted in a surveillance video taken by the strip club's security camera based upon the witnesses' own personal knowledge of the defendant. The testimony "served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025; see People v Martinez, 164 AD3d 1260, 1262; People v Franzese, 154 AD3d 706, 707).
The defendant's contention that the jury may have reached a compromise verdict is based on speculation, and is without merit (see People v Allen, 32 NY3d 611, 622). The defendant's additional contention that portions of the expert medical testimony were improperly admitted is also without merit. The defendant was charged with, inter alia, attempted assault in the first degree, [*2]which requires proof that the defendant intended to inflict serious physical injury (see Penal Law § 120.10[1]), and came dangerously close to doing so (see Penal Law § 110.00). Here, the expert medical testimony regarding the proximity of vital bodily areas to the complainant's actual injuries and the potential medical consequences had those areas been further damaged was relevant and probative to establish how dangerously close the defendant came to inflicting serious physical injury, and did not unduly prejudice the defendant or mislead the jury (see People v Webster, 140 AD3d 1196, 1197).
The defendant's contention that the prosecutor's summation remarks constituted reversible error are largely unpreserved for appellate review, as, with respect to a majority of the challenged remarks, the defendant failed to object, made only general objections, failed to request curative instructions, and did not timely move for a mistrial on this ground (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642; People v Salnave, 41 AD3d 872, 874). In any event, the remarks alleged to be prejudicial were all either fair comment on the evidence (see People v Ashwal, 39 NY2d 105), a fair response to arguments and theories presented in the defense summation (see People v Galloway, 54 NY2d 396), or were harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any errors in this regard might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Hill, 286 AD2d 777, 778). Moreover, to the limited extent that the prosecutor's remarks may have exceeded the bounds of propriety, the County Court promptly addressed the defendant's objections and issued appropriate curative instructions, thereby alleviating any potential prejudice to the defendant (see People v Fermin, 150 AD3d 876, 879).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court