People v Ramos (2022 NY Slip Op 07455)

People v Ramos

2022 NY Slip Op 07455

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2014-11535 
2017-03821
 (Ind. No. 4221/14)

[*1]The People of the State of New York, respondent,
v
Diego Ramos, appellant.

Patricia Pazner, New York, NY (Hannah Kon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County, both rendered December 1, 2014, convicting him of criminal contempt in the second degree and criminal trespass in the second degree (Esther M. Morgenstern, J.), and attempted assault in the first degree and assault in the second degree (Suzanne M. Mondo, J.), upon jury verdicts, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant was convicted, upon a jury verdict, of criminal contempt in the second degree and criminal trespass in the second degree. The jury was unable to reach a verdict as to the charges, inter alia, of attempted assault in the first degree and assault in the second degree. Thereafter, upon a retrial of those charges, upon a jury verdict, the defendant was convicted of attempted assault in the first degree and assault in the second degree. The defendant appeals from both judgments of conviction. We affirm.
The defendant waived his contention that the Supreme Court erred during the first trial when it permitted the People to introduce into evidence testimony concerning the defendant's conduct and statements he made during the arrest process. The defendant's counsel specifically advised the court after that testimony was elicited that he did not want a mistrial or limiting instruction regarding the testimony (see People v Ogilvie, 197 AD3d 730, 731; People v Miller, 78 AD3d 733, 734). In any event, although the court should have precluded such testimony, the error in admitting the testimony was harmless, as there was overwhelming evidence of the defendant's guilt of the crimes of which he was convicted, and no significant probability that the error contributed to his convictions (see People v Troche, 159 AD3d 735, 737; People v Borrero, 79 AD3d 767, 768).
Contrary to the defendant's contention, the People were properly permitted at the retrial to impeach their own witness with her prior inconsistent, written, signed statement to the police. The witness's testimony about the underlying incident that, upon seeing the defendant, she ran out of the bedroom, was affirmatively damaging to the People's case, as it contradicted the [*2]testimony of the complainant, who testified that the witness was standing next to the defendant when the defendant struck the complainant in the face with a piece of glass (see People v Harris, 112 AD3d 738, 738-739). Thus, the Supreme Court properly permitted the People to introduce the witness's prior written statement that she observed the defendant, upon breaking a window and entering the apartment, start hitting the complainant with his fists, and then break a wine glass on the complainant's head and cut the complainant with a piece of glass, for the jury to use to evaluate the witness's credibility (see CPL 60.35[1]; People v Harris, 112 AD3d at 738-739; People v Jones, 25 AD3d 724, 725).
Although the Supreme Court should not have permitted the People to impeach that same witness with an oral statement that she made to a police officer at the scene of the crime, as the statement was neither written nor sworn to by the witness (see People v Wright, 41 NY2d 118, 121; People v Mejia, 273 AD2d 256, 256), the error was harmless in light of the overwhelming evidence of the defendant's guilt, and the fact that there is no significant probability that the error contributed to his convictions at retrial (see People v Saez, 69 NY2d 802, 804; People v Tendilla-Fuentes, 157 AD3d 721, 723). Likewise, the People's suggestion during summation that the jury could and should consider the contents of that prior inconsistent statement as evidence of what happened, though improper (see People v Ayala, 121 AD3d 1124, 1126), did not deprive the defendant of a fair trial, and was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the defendant's convictions at retrial (see People v Crimmins, 36 NY2d 230, 241-242; People v Ogilvie, 197 AD3d at 731-731). Moreover, the court properly instructed the jury that such evidence could only be used to evaluate that witness's credibility at trial and that the contents of the statement were not proof of what happened (see CPL 60.35[2]; People v Guevara, 96 AD3d 781, 782; People v Broomfield, 163 AD2d 403, 404).
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court