People v Saunders (2023 NY Slip Op 05156)

People v Saunders

2023 NY Slip Op 05156

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2019-08312
 (Ind. No. 8887/17)

[*1]The People of the State of New York, respondent,
v
Nazir Saunders, appellant.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Evelyn LaPorte, J.), rendered June 10, 2019, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On July 12, 2017, two shooters fired guns into a crowd in the courtyard of the Stuyvesant Gardens Houses in Brooklyn, resulting in the death of two individuals. After a jury trial at which the People presented, inter alia, eyewitness testimony identifying the defendant as one of the two shooters, video surveillance evidence placing the defendant at the scene of the shooting, and ballistics evidence recovered from the scene, the jury convicted the defendant of two counts of murder in the second degree and two counts of criminal possession of a weapon in the second degree.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence established a prima facie case as to the defendant's identity as the perpetrator of the crimes charged (see People v Alman, 181 AD3d 694; People v Drummond, 143 AD3d 836). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Defense counsel's strategic determination not to object to the prosecution's use of prior inconsistent statements to impeach its own witness served to waive any objection thereto (see People v Young, 134 AD2d 639). In any event, the defendant's contention that the Supreme Court erred in permitting the prosecution to impeach its own witness is without merit because the testimony that the prosecution sought to impeach "affirmatively damage[d]" the prosecution's case (People v Ramos, 211 AD3d 1040, 1042; see CPL 60.35[1], [2]). The defendant failed to preserve for appellate review his contention that the court erred in permitting the prosecution to present [*2]evidence that a witness previously identified the defendant in a photo array (see CPL 470.05[2]). In any event, this contention is without merit because this testimony was admitted for the purpose of impeachment and not as part of the prosecution's direct evidence (cf. id. § 60.25). Moreover, the court clearly and properly instructed the jury that these prior statements were to be considered for impeachment purposes only and not as direct proof of any facts (see id. § 60.35[2]; People v Magee, 128 AD2d 811).
Although defense counsel's tactic of refraining from objecting to the prosecution's impeachment of its witness was not successful, it cannot be said that defense counsel's performance at trial was not effective (see People v Baldi, 54 NY2d 137; People v Settles, 192 AD3d 1510, 1511). The defendant also failed to show that defense counsel's failure to object to evidence that a witness identified the defendant in a photo array lacked a legitimate strategic purpose (see People v Caban, 5 NY3d 143, 152; People v Williams, 136 AD3d 686, 686-687). "That the strategy ultimately failed does not make counsel's representation ineffective" (People v Wragg, 26 NY3d 403, 410). Viewing the record as a whole, we find that the defendant was afforded meaningful representation (see Strickland v Washington, 466 US 668, 687; People v Benevento, 91 NY2d 708, 713-714).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
CONNOLLY, J.P., MALTESE, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court