People v Shorter (2024 NY Slip Op 02070)

People v Shorter

2024 NY Slip Op 02070

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-04502
 (Ind. No. 1026/20)

[*1]The People of the State of New York, respondent,
v
Johnny Shorter, appellant.

Jan Murphy, Huntington, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered May 18, 2022, convicting him of burglary in the first degree (two counts), robbery in the first degree (two counts), assault in the second degree (two counts), menacing a police officer (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish beyond a reasonable doubt the causation element of assault in the second degree pursuant to Penal Law § 120.05(3). Where, as here, "a defendant's flight naturally induces a police officer to engage in pursuit, and the officer is . . . injured in the course of that pursuit, the causation element of the crime will be satisfied" (People v Simpson, 120 AD3d 838, 839 [alterations and internal quotation marks omitted]; see People v Cipollina, 94 AD3d 1549, 1550). The defendant's further contention that the evidence was legally insufficient to establish that he intended to prevent the officer from performing a lawful duty is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit, as the evidence was legally sufficient to allow a reasonable jury to infer the requisite intent from the defendant's actions and surrounding circumstances (see People v Bueno, 18 NY3d 160, 167-170).
Contrary to the defendant's further contention, the verdict of guilt as to burglary in the first degree (Penal Law § 140.30[2], [4]), robbery in the first degree (id. § 160.15[3], [4]), assault in the second degree as to the count related to the civilian complainant (id. § 120.05[2]), assault in the second degree as to the count relating to the police officer (id. § 120.05[3]), and menacing a police officer (id. § 120.18) was not against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those counts was not against the weight of the evidence (see People v [*2]Romero, 7 NY3d 633, 645-646).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court