People v Floyd

2026 NY Slip Op 01984

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Donte J. Floyd, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2020-06389, (Ind. No. 325/19)

Lara J. Genovesi, J.P.

Barry E. Warhit

Donna-Marie E. Golia

Phillip Hom, JJ.

Patricia Pazner, New York, NY (Alice R. B. Cullina and Patterson Belknap Webb & Tyler [Daniel S. Ruzumna and Isaac J. Weingram], of counsel), for appellant.

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William Branigan, and Patricia Stewart of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Evelyn L. Braun, J.), rendered June 18, 2020, convicting him of criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence.

ORDERED that the judgment is affirmed.

On February 6, 2019, a shooting allegedly occurred on 148th Street and 115th Avenue in Queens. Surveillance cameras captured videos of the incident in which a suspect exits from the back of a vehicle, points what appears to be a gun in the direction of a group of individuals, and reenters the vehicle, which drives off. No bullets or fragments were collected at the scene. The following day, the defendant was stopped driving a vehicle matching the characteristics of the one captured in the surveillance footage. At a nonjury trial, the evidence against the defendant consisted of, inter alia, surveillance camera footage, witness testimony regarding the sound of gunshots, and photographs of a damaged van. Following the trial, the Supreme Court found the defendant guilty of two counts of criminal possession of a weapon in the second degree. The defendant appeals.

"A person is guilty of criminal possession of a weapon in the second degree when," as relevant here, such person "possesses a loaded firearm" with "intent to use the same unlawfully against another" (Penal Law § 265.03[1][b]) or "possesses any loaded firearm," except if "such possession takes place in such person's home or place of business" (id. § 265.03[3]). The People must establish that the firearm was (i) operable, meaning capable of discharging live ammunition, and (ii) loaded with live ammunition (see id. §§ 265.03[1][b]; [3]; 265.00[15]; People v Williams, 94 AD3d 779, 780; People v Mathieu, 83 AD3d 735, 736). Where there is no gun or ballistics evidence recovered, those elements may be proved circumstantially through witness testimony and surrounding circumstances (see People v Samba, 97 AD3d 411, 414).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of criminal possession of a weapon in the second degree (see People v Boyd, 151 AD3d 641, 642; People v Samba, 97 AD3d at 414-415; People v Ciola, 136 AD2d 557).

Contrary to the People's contention, the defendant's contention that the People's evidence failed to establish the defendant's identity as the perpetrator of the alleged crimes beyond a reasonable doubt was preserved for appellate review (see CPL 470.05[2]; People v Feingold, 7 NY3d 288, 290). Nonetheless, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the crimes beyond a reasonable doubt (see People v Patterson, 237 AD3d 859, 859-860; People v Saunders, 220 AD3d 812, 812-813).

The defendant's contention that his convictions were against the weight of the evidence is without merit. The defendant's further contentions in point three of his brief, relating to, inter alia, his fundamental right to be present at sentencing, and point four of his brief, regarding his sentence as a second violent felony offender, are unpreserved for appellate review and, in any event, without merit. The defendant's remaining contention, regarding ineffective assistance of counsel, is based on matter dehors the record and, therefore, cannot be reviewed on direct appeal.

GENOVESI, J.P., WARHIT, GOLIA and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court